FLORIDA DAIRIES COMPANY v. MRS. C. R. ROGERS, a widow.

161 So. 85.
Opinion Filed January 26, 1935.
Rehearing Granted February 22, 1935.
On Rehearing April 17, 1935.

*McKay, Dixon & DeJarnette,* for Plaintiff in Error;
*Hendricks & Hendricks,* for Defendant in Error.

Terrell, J.—This writ of error is to a judgment secured in the Circuit Court of Dade County in favor of Mrs. C. R. Rogers, defendant in error, against Florida Dairies Company, plaintiff in error, for the ' wrongful death of a minor son.

These are the pertinent facts: Florida Dairies Company was engaged in the business of selling and distributing dairy products in the City of Miami. April 15, 1932, Emory Rogers, a minor, sixteen years of age, was riding on one of the milk trucks of plaintiff in error when it collided with an automobile at North West Second Avenue and 62 Street, as a result of which accident Emory Rogers sustained injuries from which he died April 27, 1932. A common law action was seasonably brought resulting in verdict and judgment for $10,000, to which the instant writ of error was prosecuted.

No question was raised on the pleadings so we do not discuss or state them. The first question we are confronted with is whether or not in a tort action by a mother for the wrongful death of her minor son a charge is fatally defective if it charges the jury upon the elements of damage on which their verdict may be predicated, but fails to instruct them to reduce the verdict to its present value.

This question was based on the following charge:

"The Court further charges you that if you find that the plaintiff is entitled to damages, you may, in determining the amount of damages for her mental pain and suffering caused by the death of her minor child, consider the loss of the plaintiff of the child's society and of the hope for its future life and for the comfort and inspiration to the plaintiff that she would receive while the child lived, in fixing and determining the amount of damages."

The rule is settled in this state that if a litigant recovers

damages for future or anticipated injuries such damages should be reduced to their present value and the present value only should be included in the verdict. Florida East Coast R. Co., v. Lassiter, 58 Fla. 234, 50 So. 428; Seaboard Air Line v. Watson, 94 Fla. 571, 113 So. 716; Florida East Coast R. Co. v. Young, Fla. 541, 140 So. 467.

This rule is predicated on the theory that if one recovers money in the present for some future tort or injustice done him he has the use of the money in the meantime and having such use the amount of the allowance should be reduced to what it is now worth. For this reason such a charge becomes very important and failure to include it makes a charge like that here objected to fatally defective.

The second assignment is predicated on the theory that plaintiff should not be allowed to recover because the defendant had promulgated rules and regulations prohibiting its truck drivers from taking on helpers and that in taking Emory Rogers on his truck as a helper the driver exceeded his authority.

This is a perfectly sound objection and if supported by the record would be a complete answer to the judgment. It is admitted that the defendant some two years before this accident in question promulgated and published rules prohibiting its truck drivers from taking on helpers. It is also true that said rules were posted in all the trucks in plain view but if we may judge from the record the rule was more honored in the breach than in the keeping.

It is shown that the defendant had twenty or more of these trucks, that while it had a regulation prohibiting the drivers from taking on helpers from the time the regulation was adopted it was a practice for the drivers to employ helpers and carry them on the trucks. It is also shown that this was common practice with the drivers, that the boys

frequently got on the trucks at the plant in the presence of the employers, that the employers in charge of the plant were bound to have known of this practice, that Emory Rogers had been a helper on the truck from which he fell and was injured for six days, and that he had previously for months worked on one of the other trucks of the defendant. From the whole record it appears that there was little or no effort to comply with the regulation after it was promulgated.

It is elementary that a principal is not bound by the acts of his agent when the agent exceeds his authority but this rule does not apply where the principal conducts his affairs in such a way as to lead third parties to reasonably conclude that his agent is acting within his authority. Florida Southern R. Co. v. Hirst, 30 Fla. 1, 11 So. 506; Hayes v. Pine State Creamery, 195 N. C. 113, 141 S. E. 340; Lebatt on *Master and Servant,* Vol. 3, page 3008, Section 1138.

To avoid liability for his servants' negligence it is not enough to make a rule of conduct and proceed to forget it. He must see that it is obeyed. Selden-Break Const. Co., *et al.,* v. Linnett, 38 Okla. 704, 134 Pac. 956; McNee v. Coburn Trolley Track Co., 170 Mass. 283, 49 N. E. 437. For these reasons we do not think that the fact of having promulgated a rule to prevent drivers on its truck from employing helpers can avail the defendant any comfort in this case.

In view of this disposition it becomes unnecessary for us to discuss the other assignments of error. Suffice it to say that under the facts presented we think the judgment was excessive. It is difficult to arrive at a proper measure of damages in such cases as this. It would be idle to contend that the loss of a child or parent could be compensated for in money, any award in such a case is highly speculative,

but the courts, in view of governing statutes, have approved reasonable damages, the fact of what is reasonable to be governed by the facts in each case. In view of the facts here and the trend of decisions in like cases the verdict was exorbitant.

The judgment is accordingly reversed.

Reversed.

WHITFIELD, C. J., and ELLIS, J., concur.

BROWN, J., concurs in the conclusion.

BUFORD, and DAVIS, J. J., dissent.

BUFORD, J. (dissenting).—I find myself unable to agree with the application of the rule as enunciated in the opinion in this case prepared by Mr. Justice TERRELL as to the charge of the Court which is therein held to be erroneous. In that opinion the rule, "that if a litigant recovers damages for future or anticipated injuries such damage should be reduced to the present value and the present value only should be included in the verdict," is applied to that part of the court's charge which is quoted in the opinion as follows:

"The Court further charges you that if you find that the plaintiff is entitled to damages, you may, in determining the amount of damages for her mental pain and suffering caused by the death of her minor child, consider the loss of the plaintiff of the child's society and of the hope for its future life and for the comfort and inspiration to the plaintiff that she would receive while the child lived, in fixing and determining the amount of damages."

I do not think the ·rule stated applies to damages for mental pain and suffering caused by the death of a minor child, nor to the loss by plaintiff of the child's society and the hope of its future life and for the comfort and inspiration to the plaintiff that she would receive while the child lived. I think that these are elements of damage which

cannot be arrived at by mathematical calculation; they are damages which the jury is authorized to determine from consideration of all the facts in the case and in reaching their verdict they should determine what sum of money will compensate for these peculiar elements of damage.

The rule above stated applies to those elements of damage which are arrived at by determining the earning capacity during the life expectancy period or that part of the life expectancy period of the injured or deceased during which the plaintiff would be entitled to the earnings of the injured or deceased.

In each of the cases cited in the opinion referred to in support of the rule the damages referred to were those occasioned by the diminishing of, or the loss of, earning capacity and were not damages occasioned by mental pain and suffering, the loss of society or the loss of the comfort and inspiration which the plaintiff might have received, had the deceased lived.

I am also unwilling to join in saying that the verdict is so grossly excessive as to require a reversal.

## On Petition for Rehearing.

TERRELL, J.—The main opinion in this case holds that the verdict was excessive and should have been reduced to present worth. On rehearing a majority of the Court is of the view that the judgment was excessive but some confusion exists as to whether or not it should have been reduced to present worth. We have decided on reconsideration to affirm with remittitur and leave the question of reduction to present worth open for further determination.

Two elements comprised the verdict; the first being compensatory damages for loss of services of a minor child, and the second being damages for mental pain and suffering

to the mother, defendant in error, for the wrongful death of her child.

At common law injury to the feelings or mental pain and suffering did not constitute a basis for recovery of damages even though it be wrongfully inflicted. Damages for mental pain and suffering must be authorized by statute and generally will not be awarded when it is not induced or mixed with physical injury or is not traceable thereto.

8 Ruling case Law, 516, and cases cited. This rule is not of universal application; there is a current of authority holding that damages may be awarded for mental pain and suffering when there is an absence of physical injury. 8 Ruling Case Law, 519, and cases cited.

The applicable law in this State, Section 4962, Revised General Statutes of 1920, Section 7049, Compiled General Laws of 1927, awards damages to the parents of a minor child for the loss of services of said child and for mental pain and suffering occasioned them by its negligent or wrongful death.

Two influences have prompted such statutes in this country. The one is that in many cases it is practically impossible to prove pecuniary loss from the negligent death of a minor child, and in cases where such damages are susceptible of proof they are often so ridiculously low that a verdict or judgment based on them would be shocking to the mass or the judicial conscience. A second reason for such statutes is a tendency in this country to raise money grubbing to the level of a moral virtue. In either event permission to the jury to supplement the amount awarded as compensatory damages with an amount for mental pain and suffering enables a verdict more consonant with the gravamen of the offense if that be possible.

The responsibility of bringing up a child in the normal

American home is made up of many years of antithetic responses. Pleasure, pain, gladness, sorrow, surprise, disappointment, exultation, humiliation, joy, grief, expense and in rare cases profit, are the links that make the chain. In the cases of Jackie Coogan or Shirley Temple the profit element would be material but these are exceptions to the rule. The rule is that the exepense element far outdistances the profit one if reduced to the crass basis of a monetary consideration.

Damages for mental pain and suffering are not generally regarded as punitive but more in the nature of compensatory. The law has devised no fixed standard by which they can be calculated and since this is the case the amount to be awarded must rest in the discretion of the jury. The law measures compensation for mental pain and suffering in money and while this may be a poor criterion it has been said that to forbid it because perchance the law's scales are not sufficiently delicate for their admeasurement is equally to condemn the use of the scales in all other directions, and in the very cases and for the very purposes now admittedly sanctioned by the law. Merrill v. Los Angeles Gas & Electric Co., 158 Cal., 499, 111 Pac. 534, 139 A. S. R. 134, 31 R. C. L. 559.

While I recognize the foregoing to be the law, to the writer of this opinion it has the ring of empty balderdash. To say that the grief and mental agony incident to the wrongful death of my child can be allayed by payment of money is meaningless nonsense, and if it could any amount awarded must be predicated on the wildest guess and speculation because of difference in nervous strain, environment, social background, and appreciation for degrees in character, we react differently when shadowed by the death of our own flesh.

In cases where damages for mental pain and suffering are allowed it must bear some reasonable relation to the facts, the status of the parties the amount allowed as compensatory damages, and the philosophy and general trend of decisions affecting such cases. When we say that the amount allowed must bear some reasonable relation to such factors we do not mean that it must equal to, be twice these, or bear any other arbitrary relation to them, but what we do mean is that these and other cognate factors are the proper elements on which the allowance may be predicated. It cannot be predicated on the basis of restitution.

Mindful of these considerations we think a reasonable judgment in this case should not have exceeded Seven Thousand Dollars. If the plaintiff below will enter a remittitur for Three Thousand Dollars the judgment will be permitted to stand for the balance. Otherwise it will be reversed for a new trial.

WHITFIELD, C. J., and ELLIS, BROWN and DAVIS, J. J., concur.

BUFORD, J., dissents.