190 So.2d 40 (1966)
ST. JOHNS RIVER TERMINAL COMPANY, Inc., a Corporation, Appellant,
v.
Don G. Vaden, Appellee.
No. H-56.
District Court of Appeal of Florida. First District.
August 25, 1966.
Rehearing Denied October 4, 1966.
*41 Marion R. Shepard, of Mathews, Osborne & Ehrlich, Jacksonville, for appellant.
S. Perry Penland, and Hazard & Fernandez, Jacksonville, for appellee.
WIGGINTON, Acting Chief Judge.
This appeal by defendant is from a final judgment rendered upon a jury verdict in favor of plaintiff.
On June 17, 1965, appellee, while working for appellant, was injured in an accident. His foot was crushed and subsequently amputated a few inches above his ankle. At the time of his injury his earnings averaged $500.00 a month.
Appellee instituted this action for damages under the Federal Employers' Liability Act. At the trial appellant requested the following instruction be given the jury, which request was refused:
"You are instructed that any award made to the plaintiff as damages in this case, if any award is made, is not subject to federal or state income taxes and you should not consider such taxes in fixing the amount of any award made to the plaintiff, if any you make."
The jury returned a verdict for plaintiff in the sum of $90,500.00. Motion for new trial was denied and this appeal followed. Although appellant's assignments of error contained other points, these points were not argued in the brief and are therefore considered abandoned under Rule 3.7 (i), F.A.R., 31 F.S.A., leaving as the sole issue on appeal the court's refusal to give the requested instruction set out above.
In the case of Poirier v. Shireman,[1] the trial court, at the request of defendant, instructed the jury in substantially the same language as that contained in the requested instruction by defendant in the case sub judice. On appeal the propriety of the instruction was challenged. After reviewing the decisions rendered by courts of other states, the Second District Court of Appeal, speaking through Judge Shannon, appears to have adhered to that line of decisions which holds that the giving of an instruction of this kind is discretionary with the trial court. In Poirier the action of the trial court in giving the instruction was held proper, and the judgment appealed was accordingly affirmed.
In the case of Stager v. Florida East Coast Railway Company,[2] the trial court, at defendant's request, instructed the jury with regard to federal and state income taxes in a manner similar to that followed in the Poirier case, supra. The giving of the instruction was assigned as error on appeal. The Third District Court, speaking through Chief Judge Barkdull, held that the giving of the instruction was within the discretion of the trial judge, and that under the circumstances of that case did not constitute error. In Stager, the court relied upon the Second District Court's decision in Poirier as authority for the conclusion reached.
In the case sub judice it appears that during the conference on instructions the trial judge indicated a willingness to instruct the jury on the matter of federal and state income taxes as requested by defendant if the latter would agree that the jury should also be instructed that out of any award made plaintiff, he would be required to pay an attorney's fee and the nonallowable costs of the litigation. Defendant's counsel appears to have objected to the court including in its instruction any reference to the payment by plaintiff of attorney's fees and costs out of any award made him, so defendant's requested instruction was denied.
It appears that the decided majority of courts in America support the view that in fixing damages for accrued loss of earnings or for impairment of future earning capacity *42 because of personal injury, the income tax consequences of the injury and the award should not be taken into consideration; on the contrary, the award of damages should be based upon the plaintiff's gross earnings or earning capacity and should not be reduced because of any income tax saving which may result to the plaintiff because of the fact that the damages will be exempt from income tax.[3] Courts so ruling premise their conclusion on the theory that income tax liability of the plaintiff is not pertinent to the damage issue, being a matter strictly between the plaintiff and the taxing authority and of no legal concern to the defendant; that the amount of income tax which might become due on a person's prospective future earnings is too conjectural to be considered in fixing the damages to which he may be otherwise entitled; that to introduce the income tax feature into a lawsuit seeking damages would be unduly complicating and confusing.[4]
Since the court's instructions to the jury are properly confined to expositions of the law as it relates to the legitimate issues in the case, it is our view that an instruction of the type requested in the case sub judice is not grantable as a matter of course and, except under circumstances hereinafter mentioned, should be refused.
Aside from the foregoing consideration, we recognize that situations sometimes arise in cases of this kind in which the nature of the testimony or the remarks and arguments of counsel will persuade a trial judge, in the exercise of his discretion, that a cautionary instruction to the jury along the lines of the instruction requested in this case should be given. In a different factual situation where the matter of income tax liability has not been injected into the case, an instruction of this nature would be deemed inappropriate and if given, would likely result in prejudice or a miscarriage of justice. For these reasons some courts have held that the granting or denial of a request for such an instruction should properly lie in the sound discretion of the trial judge, and his decision in each instance should be controlled by the facts and circumstances peculiar to the case on trial.
Appellant having failed to demonstrate a clear legal right to the requested instruction, or an abuse of discretion by the trial judge in denying it, the judgment appealed is
Affirmed.
JOHNSON and SACK, JJ., concur.
NOTES
[1] Poirier v. Shireman, (Fla.App. 1961) 129 So.2d 439.
[2] Stager v. Florida East Coast Railway Company, (Fla.App. 1964) 163 So.2d 15.
[3] 63 A.L.R.2d 1398, § 4.
[4] 63 A.L.R.2d 1396, § 2.