487 So.2d 46 (1986)
HARBOR INSURANCE COMPANY, Appellant,
v.
Freddie MILLER, Individually and As Personal Representative of the Estate of James Frederick Miller, Deceased Minor, Appellee.
No. 85-783.
District Court of Appeal of Florida, Third District.
March 25, 1986.
Rehearing Denied May 8, 1986.
*47 Squire, Sanders & Dempsey and Joanne M. Rose, David C. Goodwin and Kenneth L. Ryskamp, Miami, for appellant.
Horton, Perse & Ginsberg and Edward A. Perse, Miami, Samuel Spatzer, Coral Gables, for appellee.
Before SCHWARTZ, C.J., and HENDRY and BASKIN, JJ.
PER CURIAM.
Appellant Harbor Insurance Company appeals from a jury verdict in this personal injury action awarding a total of 1.56 million dollars to the estate and family of James Miller, a deceased minor. We reverse on the following briefly stated analysis.
The 13 year old child died as a result of an automobile accident caused by an uninsured motorist. Appellant was the excess insurance carrier providing up to $10 million of liability coverage with underlying limits of $1 million. Plaintiff settled with his primary carrier before trial so that appellant was the only remaining defendant at the time of trial.
The record reflects that the trial was conducted in a highly emotional atmosphere. Testimony about how the deceased child's mother reacted to her son's death, and how she was continuing to react, was elicited not only from the mother, who became so upset that the jury had to be recessed, but also from the child's father and his aunt. A football jersey was admitted into evidence after the mother testified that she had tried to wear it in order to feel close to her son. Appellee tried to introduce two stuffed animals and family scrapbooks into evidence but defense objections to their introduction were sustained. However, the trial court admonished appellee for allowing the jury to see these items before it had a chance to rule on the objections. Finally, during appellee's closing argument, the jury was repeatedly addressed directly as "you" in comments referring to parents and children. The jury awarded $1.5 million to the mother and $1.0 million to the father for their pain and suffering. The estate was awarded $60,000.[1]
We note first that we can find no case in Florida in which there was an award as high as the one herein for the death of a minor child. In the only case which approximates this one, Johnson v. United States, 780 F.2d 902 (11th Cir.1986), an award of $2 million ($1 million for each parent) made by a judge in the Southern District of Florida was reversed by the Eleventh Circuit as being clearly excessive and not supported by the evidence.
We find the jury's award to be so excessive as to be evidence that the prejudicial conduct complained of by appellant was in fact so extensive that its influence pervaded the trial to the point that it was impossible for appellant to receive a fair trial. Gregory v. Seaboard System Railroad, Inc., 484 So.2d 35 (Fla. 2d DCA 1986); Russell, Inc. v. Trento, 445 So.2d 390 (Fla.3d DCA 1984). In Florida Patient's Compensation Fund v. Von Stetina, 474 So.2d 783, 790 (Fla. 1985), the Florida Supreme Court stated that "[m]ere sympathy cannot sustain a judgment. A juror is charged with the duty to weigh evidence and to find fact. The jury system should not function on emotion, but on logic."
We find that the repetitive, highly emotional testimony on the mother's inability to cope with her son's death and the impermissible "golden rule" arguments made by appellee in closing argument so infected *48 the proceeding that the jury's award must be reversed as being a product of passions and emotions rather than the evidence presented.
The cause is reversed and remanded for a new trial.
NOTES
[1] The total award was reduced to $1.56 million to conform with appellant's liability as the excess insurer.