486 So.2d 77 (1986)
Rufus LYONS, Appellant,
v.
Cora A. LYONS, Appellee.
No. 85-1930.
District Court of Appeal of Florida, Second District.
April 9, 1986.
*78 Fred L. Buckine, Tampa, for appellant.
Robert W. Morrison, Tampa, for appellee.
FRANK, Judge.
The husband in this dissolution matter appeals from that portion of an order entered by the trial court requiring him to pay $2,000.00 toward the $4,000.00 fee granted the wife's attorney and from an order denying motions for rehearing and to vacate the award. The trial court's dissolution judgment, entered prior to the fee hearing, conferred entitlement to an attorney's fee upon the wife and reserved jurisdiction to assess the amount at a later time. The husband's challenge to the fee award is grounded upon the contentions (1) that the wife's financial affidavit, filed some two and a half years earlier at the final hearing stage, did not accurately reflect her financial status at the time of the fee hearing and was not timely within the contemplation of Rule 1.611(a) of the Florida Rules of Civil Procedure, and (2) that there was insufficient evidence to support the award.
We turn first to point two and reject it; the record contains competent substantial evidence from which the trial court was able to determine the reasonableness of the $2,000.00 fee obligation it imposed upon the husband. Although the wife did not formally qualify Mr. Keen, a member of the Florida Bar for 30 years, as an expert witness, his testimony as to a reasonable attorney's fee and the hours expended is no less probative. His qualifications are apparent from the record, and the husband's attorney did not lodge a contemporaneous objection to his testimony. Moreover, the trial court was neither bound by nor did it base the fee award entirely upon the Keen testimony. See Fatolitis v. Fatolitis, 271 So.2d 227 (Fla. 2d DCA 1973). Thus, we affirm the amount of the fee. In doing so, we do not ignore Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla. 1985), in which our supreme court announced the criteria for determining a reasonable attorney's fee and required that trial courts set forth specific findings pertinent to the hourly rate, the number of hours reasonably expended, and the appropriateness of reduction or enhancement factors in the event the lodestar is adjusted. To foreclose the need to remand matters of this kind in future proceedings, we urge, in passing, that both bench and bar adhere to Rowe's requirements. In the instant proceeding, even though the husband did not challenge the fee award either before the trial court or on appeal upon the ground that the Rowe criteria were not followed, we cannot say that such criteria were satisfied to the letter. On balance, however, we do find from the trial court's comments and conclusory findings expressed at the time of rehearing that a sufficient degree of compliance with Rowe did occur. The trial court properly reached the lodestar by multiplying the hours expended (45) by a reasonable hourly rate ($100.00). The trial court reduced the product of that computation by $500.00, specifically stating that it
considered not only the testimony of Mr. Keen but [also an] examination of the file, and taking into consideration what opposing counsel had received as a reasonable fee, and the complexities of this matter, the number of court hearings attended by both counsel along with their *79 parties. So, obviously, [it] didn't base the award solely and entirely on what Mr. Keen testified to. His testimony was considered along with other evidence before the Court as it related to attorney's fees for the respondent/wife.
Finally, although the husband is technically correct in urging that Rule 1.611(a) anticipates that the moving party's financial affidavit is to be filed at the time of the application for the award of an attorney's fee, we find no reversible error in either the trial court's initial disposition of the fee question or its subsequent denial of the motions for rehearing and to vacate the award. See Williamson v. Williamson, 335 So.2d 346 (Fla. 1st DCA 1976); see also Seinfeld v. Seinfeld, 363 So.2d 19 (Fla. 3d DCA 1978). At rehearing the husband furnished the trial court with uncontroverted evidence of a conflict between the wife's financial affidavit and her subsequent testimony pertaining to the cost of a house she purchased with her mother after the judgment of dissolution and the amount of the monthly mortgage payments. The trial court nonetheless found the discrepancy immaterial and adhered to its determination that a total fee of $4,000.00 was appropriate. We find no abuse of discretion in the trial court's conclusion.
Affirmed.
RYDER, C.J., and HALL, J., concur.