495 So.2d 782 (1986)
GOOD SAMARITAN HOSPITAL ASSOCIATION, INC., Appellant,
v.
Auvel SAYLOR and Margaret Saylor, As Personal Representatives of the Estate of Margaret Eiler, Deceased, Appellees.
Nos. 85-246, 85-539 and 85-1595.
District Court of Appeal of Florida, Fourth District.
September 17, 1986.
Rehearing Denied October 31, 1986.
Steven R. Berger of Steven R. Berger, P.A., Miami, and Peterson & Fogarty, P.A., West Palm Beach, for appellant.
Larry Klein of Klein & Beranek, P.A., and Theodore Babbitt of Babbitt, Hazouri & Phillips, P.A., West Palm Beach, for appellees.
DELL, Judge.
Appellant seeks reversal of a final judgment awarding appellees $4,000,000 for the wrongful death of the decedent as the result of medical malpractice, and of an order awarding appellees' attorney's fees of $1,100,000. Appellant and other defendants not parties to this appeal[1] admitted liability for negligence, and this case went to the jury solely on the question of damages. Appellant claims that the jury reached an excessive verdict because of multiple errors committed at trial.
Appellant first suggests that juror misconduct and the comments of appellees' counsel during voir dire examination caused the jury to award excessive damages. We dispose of this argument summarily because appellant's counsel,[2] together *783 with counsel for the other defendants, entered into a stipulation with appellee that waived these points of error:
We have a stipulation we would like to put on the record that will shorten the trial. The parties have agreed  and I am saying this in the presence of everybody, for the record  that providing the Plaintiff drops the claim for punitive damages, the Defendants will waive any motion for mistrial and will waive a request for a second jury to hear damages only and will agree that punitive damages or, [if] in fact, there ever was a punitive damage claim [it] would not be mentioned to this jury, and the Defendants do waive any error or any prejudice by virtue of having had this jury hear the testimony they have heard thus far. [Emphasis added.]
Appellant also argues that the trial court erred when it refused to instruct the jury that the amount awarded in damages would not be subject to federal income tax. The Second District Court of Appeal in Poirier v. Shireman, 129 So.2d 439 (Fla. 2d DCA 1961) concluded that the giving of such an instruction is discretionary. However, in St. Johns River Terminal Co. v. Vaden, 190 So.2d 40 (Fla. 1st DCA 1966), the court affirmed the denial of a request for an instruction on income tax and stated:
It appears that the decided majority of courts in America support the view that in fixing damages for accrued loss of earnings or for impairment of future earning capacity because of personal injury, the income tax consequences of the injury and the award should not be taken into consideration; on the contrary, the award of damages should be based upon the plaintiff's gross earnings or earning capacity and should not be reduced because of any income tax saving which may result to the plaintiff because of the fact that the damages will be exempt from income tax. Courts so ruling premise their conclusion on the theory that income tax liability of the plaintiff is not pertinent to the damage issue, being a matter strictly between the plaintiff and the taxing authority and of no legal concern to the defendant; that the amount of income tax which might become due on a person's prospective future earnings is too conjectural to be considered in fixing the damages to which he may be otherwise entitled; that to introduce the income tax feature into a lawsuit seeking damages would be unduly complicating and confusing.
Id. at 41-42 (footnotes omitted).
We cited St. Johns River Terminal Co. v. Vaden with approval in Leaseco, Inc. v. Bartlett, 257 So.2d 629 (Fla. 4th DCA 1971). We find no error in the trial court's refusal to give the requested instruction.
Appellant next contends that during closing argument, appellees' counsel displayed excessive emotional behavior in the courtroom, made improper references to the value of a mother, and expressed his personal belief in the righteousness of the cause. The trial transcript demonstrates that appellees' counsel requested a brief recess during argument, but does not establish that he made this request because of an inability to control his emotions, or that the trial court granted the recess on that basis. We find no error in the trial court's denial of appellant's motion for a mistrial based on this action. Since appellant did not object to counsel's argument concerning the value of a mother, the error, if any, was waived. The record does not demonstrate that appellees' closing argument exceeded the wide latitude which is generally permitted during argument.
[I]t must be expected that counsel during closing summation to the jury will engage in sometimes emotional and heated debate. Counsel are accorded a wide latitude in making arguments to the jury, and unless their remarks are highly prejudicial and inflammatory, counsel's statements made to the jury during closing *784 arguments will not serve as a basis for reversing a judgment.
Metropolitan Dade County v. Dillon, 305 So.2d 36, 40 (Fla. 3d DCA 1974).
We are satisfied that the emotional aspects of this trial were no greater than those that understandably pervade a trial of this type. Although the jury awarded a substantial amount to each of the decedent's children, the record contains competent evidence supporting the verdict.
A party who assails the amount of a verdict as being excessive, has the burden of showing it is unsupported by the evidence, or that the jury was influenced by passion or prejudice. A verdict which has been approved by the trial court as to amount should not be disturbed on appeal if it has a reasonable relation to the damages proven... .
... .
The determination of the amount of such damages is peculiarly within the province of the jury.
Bould v. Touchette, 349 So.2d 1181, 1184 (Fla. 1977) (quoting Talcott v. Holl, 224 So.2d 420, 422 (Fla. 3d DCA 1969)) (citations omitted). We conclude that the jury's verdict was not the product of passion and emotion as was the verdict in Harbor Insurance Co. v. Miller, 487 So.2d 46 (Fla. 3d DCA 1986).[3]
In summary, we do not find that any of the alleged errors raised by appellant constitute reversible error, either singly or cumulatively, nor do we find the amount of the jury's award excessive. Therefore, we affirm the judgment in favor of appellees.
Appellant also claims error in the award of $1.1 million attorney's fees. Appellant argues that the trial court failed to utilize the federal "lodestar" method of computing fees as adopted by the supreme court in Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla. 1985). Rowe involved a statutory fee award to the successful party in a medical malpractice case. The Florida Supreme Court stated:
[I]n computing an attorney fee, the trial judge should (1) determine the number of hours reasonably expended on the litigation; (2) determine the reasonable hourly rate for this type of litigation; (3) multiply the result of (1) and (2); and, when appropriate, (4) adjust the fee on the basis of the contingent nature of the litigation or the failure to prevail on a claim or claims. Application of the Disciplinary Rule 2-106 criteria in this manner will provide trial judges with objective guidance in the awarding of reasonable attorney fees and allow parties an opportunity for meaningful appellate review.
Id. at 1151-52. Utilizing the above formula, the number of hours expended multiplied by the rate yields the lodestar figure. When appropriate, this figure may be enhanced by a multiplier of 1.5 to 3.0, depending on factors of contingency risk and results obtained.
The record of the attorney's fee hearing demonstrates sufficient evidence to compute appellees' attorney's fees utilizing the lodestar formula.[4] The trial judge heard testimony from two experienced trial lawyers concerning the reasonable value of appellees' attorney's services. Appellees' counsel, who represented appellees under a contingent fee agreement, presented unrebutted testimony that he expended 1,500 to 2,000 hours working on this case. One of appellees' experts testified that a reasonable hourly rate for appellees' attorney's services would range from $200 to $300 per hour, and that a reasonable fee would range between $1.0 million and $1.5 million. Appellant's expert testified by deposition *785 that 1,500 hours was a reasonable expenditure of time on this case, and that the hourly fee should be enhanced by a contingency risk factor of 2.0. He disagreed as to the hourly rate for appellees' attorney, stating that $100 per hour would be reasonable. The evidence presented furnished an adequate basis to support the trial court's award of $1.1 million (2,000 hours X $275 per hour X contingency risk multiplier of 2.0 = $1.1 million).
The order awarding attorney's fees demonstrates that the trial judge considered the factors required to compute a reasonable fee using the lodestar formula, and shows substantial compliance with Rowe. See Lyons v. Lyons, 486 So.2d 77 (Fla. 2d DCA 1986). Accordingly, we affirm the final judgment and the order on attorney's fees in all respects.
AFFIRMED.
LETTS and GLICKSTEIN, JJ., concur.
NOTES
[1] The decedent's physicians, codefendants at trial, settled with appellees.
[2] Appellant acknowledges that while trial counsel for the hospital did not affirmatively state his agreement with the foregoing stipulation, it is safe to assume that he acquiesced in it by virtue of his silence and later comments.
[3] In Harbor Insurance Co. v. Miller, 487 So.2d 46 (Fla. 3d DCA 1986), the Third District Court of Appeal reversed a 1.56 million dollar verdict for the wrongful death of a thirteen-year-old child. The district court concluded that the repetitive, highly emotional testimony of the mother's inability to cope with her son's death, and the impermissible "golden rule" arguments made by appellee in closing argument, caused the jury's verdict to be a product of passion and emotion rather than based on the evidence presented.
[4] Appellant furnished (without objection from appellees) an appendix to its brief which contains the record of the hearing on attorney's fees.