524 So.2d 666 (1987)
Mauricio J. DeALMEIDA, M.D., Mauricio J. DeAlmeida, M.D., P.A., C. Lawrence Reid, M.D., and North Broward Hospital District D/B/a Broward General Medical Center, Appellants,
v.
Carl T. GRAHAM, Appellee.
NORTH BROWARD HOSPITAL DISTRICT D/B/a Broward General Medical Center, Appellant,
v.
Carl T. GRAHAM, et al., Appellees.
Nos. 84-1095, 84-1096, 84-1612, 84-1617, 84-1652 and 85-199.
District Court of Appeal of Florida, Fourth District.
July 8, 1987.
*667 Melanie G. May of Bunnell, Denman & Woulfe, P.A., Fort Lauderdale, for appellant-DeAlmeida.
Robert M. Klein and Debra J. Snow of Stephens, Lynn, Chernay & Klein, Miami, for appellant-Reid.
Steven R. Berger and William Liston of Steven R. Berger, P.A., Miami, and Bernard & Mauro, Fort Lauderdale, for appellant-North Broward Hosp. Dist.
Joel D. Eaton of Podhurst, Orseck, Parks, Josefsberg, Eaton, Meadow & Olin, P.A., Miami, and Sheldon J. Schlesinger, P.A., Fort Lauderdale, for appellee-Carl T. Graham.

MOTION FOR REHEARING GRANTED
DELL, Judge.
We grant appellee's motion for rehearing and withdraw our opinion filed December 10, 1986, and substitute the following opinion.
This appeal arises out of a medical malpractice action in which a jury awarded appellee $371,000 for damages resulting from the negligence of two doctors and a hospital. The trial court also awarded appellee $185,000 for attorney's fees. We now consolidate case number 85-199 with case numbers 84-1095, 84-1096, 84-1612, 84-1617 and 84-1652.
Appellee entered Broward General Medical Center for repair of a bleeding gastric ulcer by removal of a portion of his stomach. Appellant DeAlmeida acted as primary surgeon and appellant Reid assisted DeAlmeida in the surgery. Appellee stayed in the hospital for approximately two weeks following surgery and then went to a convalescent home. Initially appellee appeared to have a normal recovery, however, he began having pain, difficulty walking, and constant vomiting. He collapsed five days later. On readmission to the hospital, X rays disclosed a Kelly clamp left in his abdomen. Dr. DeAlmeida and Dr. Reid operated and removed the clamp. Appellee convalesced for two months following the second surgery. He said he never felt quite right thereafter. He entered the hospital a third time for treatment of a preexisting diabetic condition that he claimed was aggravated by the two prior operations.
Appellants DeAlmeida and North Broward Hospital District d/b/a Broward General Medical Center admitted liability for negligence and the court entered a directed verdict against them. At the close of appellee's case, Reid moved for a directed verdict claiming that appellee failed to present any competent expert testimony concerning his duty to ensure the removal of the Kelly clamp. The trial court denied his motion. The trial court also denied appellants' motion for a directed verdict on appellee's claim for future medical care and treatment and future lost wages.
Appellants present nine issues for resolution in these consolidated appeals. All appellants contend that the trial court erred by failing to direct a verdict on future medical expenses; by failing to grant a new trial because appellee's counsel made improper comments during closing argument; by failing to reduce the final judgment to reflect payments made from collateral sources; by failing to declare section 768.56, Florida Statutes unconstitutional; and by making a grossly excessive award of attorney's fees to appellee's counsel. Appellant Reid claims the trial court erred when it denied his motion for a directed verdict because appellee failed to present competent expert testimony concerning the duties of a board certified assistant surgeon *668 and when it denied his request for a special interrogatory verdict form which would have apportioned liability among all defendants. Appellant North Broward Hospital District contends that the trial court erred in failing to apply section 768.28, Florida Statutes (1986 Supp.), to the hospital district and by failing to limit the award of attorney's fees in accordance with section 768.28(8), Florida Statutes (1986 Supp.).
Appellants first challenge the trial court's failure to direct a verdict on future medical expenses and contend that the record does not contain sufficient evidence to support this claim. The jury returned a verdict of $50,000 for future medical expenses and reduced the award to present money value of $40,000. Six medical witnesses gave conflicting testimony on the cause of the aggravation of appellee's preexisting diabetes. Appellants argue that none of the witnesses testified concerning the need for future medical treatment. Appellee responds by pointing out that a radiologist testified that X rays showed a bowel obstruction caused by adhesions. He stated that the adhesions were caused by a chronic inflammatory process resulting from the existence of the clamp left in appellee's abdomen for three weeks and that the adhesions were permanent.
Appellee relies on Sullivan v. Price, 386 So.2d 241 (Fla. 1980) and Corbett v. Dade County Board of Public Instruction, 372 So.2d 971 (Fla. 3d DCA 1979), cert. denied, 383 So.2d 1192 (Fla. 1980), to support his argument that a jury may reasonably infer the likelihood of future damages merely from "the nature of [the] injury, its duration, and lack of recovery at the time of trial." Sullivan, 386 So.2d at 241. Appellants agree that the reasons articulated in Sullivan and Corbett apply to appellee's claim for future pain and suffering but contend that these cases do not relieve an injured plaintiff from the burden of establishing by competent evidence a basis on which to award a sum for future medical expenses. Appellee responds to this argument by citing National Car Rental Systems, Inc. v. Holland, 269 So.2d 407 (Fla. 4th DCA 1972) wherein we held:
[I]t is true that no medical witness gave any estimate as to the precise amount of money that would be involved in future medical care for the plaintiff, but the jury did have before it the medical bills which had been theretofore incurred, and from those the jury could get at least some indication of the expense of medical care... . Simply because the plaintiff did not adduce more definitive evidence as to the frequency with which plaintiff would need medical care and attention, nor the nature, extent and cost thereof, did not make it error for the court to instruct on this element of damages when there was evidence to show that the plaintiff would require medical care the remainder of his life.
Id. at 411-12.
While we find evidence in the record from which the jury could infer the need for future medical treatment, we do not find evidence in the record from which the jury could, with reasonable certainty, determine the amount of medical expense appellee would be likely to incur in the future. Appellee concedes that there is no direct evidence in the record on claims for future medical care or its probable cost. We are not persuaded by appellee's argument that the amount of past medical expenses furnished a reasonable basis from which the jury could draw inferences as to the facts and thus compute the amount of future medical expense. The only basis for the award of future medical expenses is highlighted in appellee's closing argument:
His past medical bill to take the clamp out and to go to North Broward Hospital came to $7,289.35. I figure it is reasonable to assume that over the years he is going to have an average of $2,500 a year in medical expenses when they hospitalize him and they check him again when he feels so bad that he has got to go to a doctor.
We find the evidence insufficient to support the jury's award for future medical expenses, and we hold that the final judgment *669 must be reduced by the amount awarded for this item of damage.
In their second point appellants argue that during closing argument appellee's counsel asked for retribution for the injuries sustained by appellee. They claim that the amount of the jury's award reflects a punitive element and demonstrates the effect that counsel's remarks had on the jury. Appellants did not object to the argument. We have reviewed the record and conclude that appellee's remarks did not constitute fundamental error. We find no reversible error in this point.
Appellants contend in their third point on appeal that the trial court erred when it failed to alter or amend the judgment to reduce the amount of the verdict by the amount of the collateral sources received by appellee. During trial, counsel agreed that the issue of collateral sources would be presented post trial. Appellee argues that the trial court's failure to adjust the verdict to reflect the amount of the collateral sources "if any" cannot be reviewed by this court because appellants failed to produce any evidence concerning collateral sources. We disagree. Section 768.50(1), Florida Statutes (1983) provides:
[T]he court shall reduce the amount of such award by the total of all amounts paid to the claimant from all collateral sources which are available to him; however, there shall be no reduction for collateral sources for which a subrogation right exists. Upon a finding of liability and an awarding of damages by the trier of fact, the court shall receive evidence from the claimant and other appropriate persons concerning the total amounts of collateral sources which have been paid for the benefit of the claimant or are otherwise available to him
[Emphasis supplied].
The language of the statute is clear and the trial court's failure to conduct a hearing on appellants' motion to reduce the judgment by the amount of any collateral sources constituted error.
We will next discuss the arguments raised by appellant Reid concerning his liability for the injuries sustained by appellee. Reid claims that the trial court should have granted a directed verdict because appellee failed to present competent expert testimony from a board certified surgeon concerning the duty of an assistant surgeon. We find no merit in Reid's argument. Dr. DeAlmeida's testimony furnished sufficient evidence to submit the question of Dr. Reid's negligence to the jury:
Q. Does Dr. Reid tie vessels?
A. Yes, sir.
Q. Is he supposed to remove a clamp?
A. Correct.
Q. The tech that's there, is that tech supposed to keep an eye on the clamps that go in and the clamps that go out?
A. Correct.
Q. You're all doing it together, right?
A. That's correct.
... .
Q. The occurrence of leaving a Kelly clamp in the abdomen of Mr. Carl T. Graham deviates and departs from the customary standards of medical care and treatment commonly exercised in this community or the same or similar communities, does it not?
A. Yes, sir.
Q. It deviates and departs in that regard on the part of the surgeon, Dr. DeAlmeida, does it not?
A. I bear responsibility.
Q. It deviates and departs on the part of the hospital staff and personnel then engaged in that procedure in that operating room at that time and under those circumstances, does it not?
A. Yes, sir.
Q. Dr. Reid says he is not responsible because he is only a pair of hands. Do you have an opinion based upon your background, your training, and your experience as to whether or not it deviates and departs upon the part of the assistant surgeon in the event that a Kelly clamp such as occurred here is left in the abdomen in this community or the same or similar community and under the same or similar circumstances? Do you have an opinion?
A. I think it deviated from all the team... .
Additionally, section 768.45(4), Florida Statutes (1985) provides:

*670 [T]he discovery of the presence of a foreign body, such as a sponge, clamp, forceps, surgical needle, or other paraphernalia commonly used in surgical, examination, or diagnostic procedures, shall be prima facie evidence of negligence on the part of the health care provider.
We hold that the trial court did not err when it denied appellant Reid's motion for a directed verdict.
We find no merit in appellant Reid's contention that the trial court erred when it failed to give his requested special interrogatory verdict form. The verdict form submitted by Reid required the jury to apportion the degrees of negligence between appellants. He relies on Lawrence v. Florida East Coast Railway, 346 So.2d 1012 (Fla. 1977). In Lawrence, the court held "that special verdicts shall be required in all jury trials involving comparative negligence." We find no support for Reid's argument in Lawrence. The issue of appellee's comparative negligence did not exist in this case nor did appellants make any claim for contribution as between themselves. Without a claim for contribution there was no need for a verdict form apportioning liability between appellants.
Next, appellant North Broward Hospital District contends the trial court erred when it failed to limit appellee's damages in accordance with section 768.28, Florida Statutes (1983) and to limit appellee's attorney's fees in accordance with section 768.28(8). We agree. In North Broward Hospital District v. Eldred, 466 So.2d 1210 (Fla. 4th DCA 1985) we held that section 768.28 applied to the hospital district. The supreme court affirmed our decision in Eldred v. North Broward Hospital District, 498 So.2d 911 (Fla. 1986). Section 768.28 limits North Broward Hospital District's liability for payment to $50,000 of the final judgment. The statute provides that no attorney may charge, demand, receive, or collect for services rendered a fee in excess of twenty-five percent of any judgment or settlement. In Ingraham v. Dade County School Board, 450 So.2d 847 (Fla. 1984) the supreme court stated:
Subsection (8) of this overall statutory scheme relating to sovereign immunity created by the enactment of section 768.28 provides: ... The 25 percent limitation on attorney's fees relates to any judgment or settlement and therefore applies to all situations involving waiver of sovereign immunity regardless of the source of payment.
Id. at 849 [emphasis in original].
In City of Lake Worth v. Nicolas, 434 So.2d 315 (Fla. 1983), the supreme court held:
Pursuant to this provision [(768.2895)] and our Berek [v. Metropolitan Dade County, 396 So.2d 756 (Fla. 3d DCA 1981)] decision the trial court may render judgment for the full amount of the damages, $68,750, plus costs, but upon payment of $50,000 by or on behalf of the City of Lake Worth the respondent shall be required to give a satisfaction of judgment, his recourse for the excess being only to the legislature.
Id. at 316.
Therefore we affirm the final judgment against the North Broward Hospital District, subject to reduction for the amount of future damages and collateral source payments, if any, but limit the District's liability for payment to $50,000 including all elements of damages, attorney's fees, costs and post-judgment interest.
The hospital district also argues that the trial court failed to apportion the responsibility for fees in accordance with the principles of equity as provided in section 768.54, Florida Statutes (1983). The district has failed to cite authority in support of this point. The trial court did not err when it entered a joint and several judgment against appellants for attorney's fees (subject to the limitation provided in section 768.28(8)). See Lincenberg v. Issen, 318 So.2d 386 (Fla. 1975).
Finally all appellants claim that the trial court awarded an excessive amount for appellee's attorney's fees. Appellants, in their initial briefs, also challenge the constitutionality of section 768.56, Florida Statutes (1983). In Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla. 1985) the supreme court concluded that section 768.56 is constitutional.
*671 Appellants claim that the record does not contain sufficient evidence to sustain the trial court award of attorney's fees based on the criteria set forth in Rowe. Appellee responds and cites this court's decision in Good Samaritan Hospital v. Saylor, 495 So.2d 782 (Fla. 4th DCA 1986). In Saylor we affirmed an award of attorney's fees made before the supreme court's decision in Rowe. We concluded in Saylor that the trial court had considered each of the elements required by Rowe and that the application of the federal lodestar formula to the factors considered by the trial court resulted in a fee consistent with the dictates of Rowe. Appellee urges us to reach the same result here. However, we do not reach this question because the judgment must be reversed to reflect the reduction by the amount awarded for future medical expenses and to reflect the amount of collateral source payments received by or on behalf of appellee to which he may be entitled. Therefore, we reverse the award of attorney's fees and remand this case for a determination and award of attorney's fees in accordance with the supreme court's holding in Florida Patient's Compensation Fund v. Rowe.
In summary, we affirm the final judgment of liability in favor of appellee and against appellants, but we reverse the amount of damages awarded in the final judgment. We direct the trial court to reduce the final judgment by the amount of the jury's award for future medical expenses, to alter the judgment in accordance with section 768.50(1). We also reverse the order awarding attorney's fees and direct the trial court to determine and award to appellee attorney's fees in accordance with Florida Patient's Compensation Fund v. Rowe.
AFFIRMED IN PART; REVERSED IN PART and REMANDED.
ANSTEAD, J., and MICHAEL H. SALMON, Associate Judge, concur.