Annie L. WILLIAMS, as Personal Representative of the Estate of Shalethia Denise Williams, deceased, Plaintiff,

v.

UNITED STATES of America, Defendant.

No. PCA 86–4214–WS.

United States District Court, N.D. Florida, Pensacola Division.

March 18, 1988.

Robert J. Mayes, Levin, Warfield, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A., Pensacola, Fla., for plaintiff.

Michael P. Finney, Asst. U.S. Atty., Pensacola, Fla., for defendant.

ORDER AND FINAL JUDGMENT

STAFFORD, Chief Judge.

This wrongful death action was brought by plaintiff pursuant to the Federal Torts Claims Act (FTCA), 28 U.S.C. Sections 1346(b), 2671 *et seq.* The cause was tried to the court without jury on January 18–19, 1988. The findings of fact and conclusions of law were presented in open court on January 21, 1988. The court found that the defendant was liable for the death of plaintiff's minor child, Shalethia Denise Williams and that plaintiff was entitled to an award of damages from defendant.

The court's decision as to the amount of damages was deferred. The parties were directed to brief the issue in accordance with the opinion in *Johnson v. United States,* 780 F.2d 902 (11th Cir.1986). Both parties have filed memoranda (documents 48, 49). Plaintiff has filed a reply (document 50), to which defendant has responded with a motion to strike (document 51). Plaintiff has filed a memorandum in opposition to the motion to strike (document 52). The motion to strike has been addressed by separate order.

The question of the amount of damages to be awarded is now ripe for determination and the court's reasoning and conclusion follows:

In *Johnson,* the court on liability grounds, reversed a judgment in an FTCA wrongful death action for $2,000,000.00 in favor of the parents of a minor child. The court also found that there was nothing in the record to justify the damages awarded. The *Johnson* court's opinion provides the framework for this court's decision on the amount of damages.

The Eleventh Circuit first noted that the law of the state where the wrongful death occurred dictates the measure of damages and components in an FTCA case. *Johnson*, 780 F.2d at 907 (citing *Harden v. United States*, 688 F.2d 1025, 1029 (5th Cir., Unit B 1982)).

■ Under Florida law, Florida Statutes Sections 768.21(1) and (4), parents of a deceased minor child may recover for lost support and services and for mental pain and suffering. It is generally assumed that in the case of the death of a young child, that the costs of providing for that child until maturity will be far greater than the value of any services to be rendered by the child. *Gresham v. Courson*, 177 So.2d 33, 37 (Fla. 1st DCA 1965). The award in this case must be limited to mental pain and suffering. *Johnson*, 780 F.2d at 908.

The *Johnson* court favorably cited *Florida Dairies Co. v. Rogers*, 119 Fla. 451, 161 So. 85, 88 (1935) and quoted the following passage:

> In cases where damages for mental pain and suffering are allowed, it must bear some reasonable relation to the facts, the status of the parties, the amount allowed as compensatory damages, and the philosophy and general trend of decisions effecting such cases.

*Johnson*, 780 F.2d 907–08.

Finally, in *Johnson*, the court suggested that:

> Perhaps some research or compilation of similar cases tried in Florida is available that could be submitted to the court and could thus be made a part of the record to furnish a basis for the amount that should ultimately be awarded.

*Johnson*, 780 F.2d at 908.

It is clear to this court that similar Florida cases must be examined in order to determine the proper amount of damages. Counsel for the parties, and in particular, plaintiff's counsel have submitted cases for this court's consideration. The court has also conducted independent research.

Plaintiff's counsel has submitted the following cases with jury verdicts involving the wrongful death of a minor child rendered in Escambia County, Florida:

1. *Neese v. Escambia River Electric Cooperative, Inc.*, Case No. 84–1129 ("Neese"). Jury verdict rendered June 18, 1985. Mother and father each awarded $1,000,000.00 for a total of $2,000,000.00.

2. *Gulley v. Sacred Heart Hospital*, Case No. 82–1985 ("Gulley"). Jury verdict rendered and judgment entered April 24, 1985. The mother as sole survivor was awarded $1,500,-000.00.

3. *Reynolds v. Pensacola News–Journal, Inc.*, case No. 81–4047 ("Reynolds"). Jury verdict rendered October 31, 1984. Mother and father each awarded $300,000.00 for a total recovery of $600,000.00.

4. *White v. Stone's Super Service, Inc.*, Case No. 82–1153 ("White"). Jury verdict rendered and judgment entered July 14, 1983. Mother and father each awarded $1,750,000.00 for a total recovery of $3,500,000.00.

5. *Williams v. National Car Rental System, Inc.*, Case No. 80–2823 ("Williams"). Jury verdict rendered May 6, 1981. Mother and father each awarded $500,000.00 for a total recovery of $1,000,000.00.

6. *Pendleton v. Rogers*, Case No. 80–3519 ("Pendleton"). Jury verdict rendered March 31, 1981. Mother and father each awarded $225,000.00 for a total recovery of $450,000.00.

Other Florida cases have also come to the attention of the court:

1. *Metropolitan Dade County v. Dillon*, 305 So.2d 36 (Fla. 3rd DCA 1974) ("Metropolitan Dade"). Jury verdict in favor of parents of six year old girl killed by defendant's truck. Award of $500,000.00 for the mother and $400,000.00 for the father affirmed on appeal.

2. *Corbett v. Seaboard Coastline R. Co.*, 375 So.2d 34 (Fla. 3rd DCA 1979) ("Corbett"). Jury verdict in favor of parents of daughter killed by defendant's train. Award of $1,000,000.00

($500,000.00 to each parent) affirmed on appeal.

3. *Harbor Insurance Company v. Miller*, 487 So.2d 46 (Fla. 3rd DCA 1986) ("Harbor Insurance"). Jury award of $1,500,000.00 to the mother and $1,000,000.00 to the father (total award $2,500,000.00) of thirteen year old child reversed on the basis that repetitive emotional testimony had been permitted and that plaintiff's counsel had utilized the impermissable "golden rule" argument in closing. The court found that the award was the "product of passions and emotions." *Id.* at 48.

4. *Walt Disney World Co. v. Goode*, 501 So.2d 622 (Fla. 5th DCA 1986) ("Walt Disney World"). Jury verdict in favor of parents of four year old boy who drowned at defendant's amusement theme park. Award of $2,000,000.00 ($1,000,000.00 to each parent) affirmed on appeal.

5. *Saga Bay Property Owners Association v. Askew*, 513 So.2d 691 (Fla. 3rd DCA 1987) ("Saga Bay"). Jury award of $1,300,000.00 ($650,000.00 to each parent) for death of six year old boy reversed on liability grounds.

This court also has for its consideration the unpublished opinion of the Eleventh Circuit after the second trial in *Johnson v. United States*, in which the Court of Appeals affirmed a verdict of $1,236,000.00 (document 50, attachment 1).

In its analysis, this court has examined all of the above-cited cases and finds that two cases shall not figure in the determination of the appropriate award.

Only "similar" cases may be utilized in determining an appropriate award. *Johnson*, 780 F.2d at 908. The *Harbor Insurance* and *Saga Bay* cases are not similar. In *Harbor Insurance*, 487 So.2d at 46, reversal was required due to prejudicial conduct at trial. The judgment in *Saga Bay*, 513 So.2d at 695, was reversed on liability, not damages grounds.

Other cases will be utilized with a great deal of caution. The older cases, those decided more than five years ago, may be

of limited value in looking at the "general trend of prior decisions." *Gresham v. Courson*, 177 So.2d at 39.

The case here involves the death of a very young child, a child under the age of five. At least two of the cases submitted for consideration involve much more mature children. The deceased minor in *Neese* was survived not only by his parents but also by a wife. The decedent in *Reynolds* operated a motor vehicle and was apparently employed, as lost wages were sought in the original complaint. It is possible that in both *Neese* and *Reynolds* that the awards may have been based in part on loss of support and services.

The court has also noted that the award in *Gulley* may have included recovery for medical and funeral expenses and that the award in *White* likely included some recovery for loss of services.

While recognizing that the cases submitted to the court may not be accepted without caution, the court is convinced that it has the information necessary to render a reasonable and equitable decision as to the amount of damages.

In addition, testimony was elicited at trial to indicate that the pain and suffering endured by Annie Williams and her husband Clarence Williams is real and intense and will remain a part of their lives for many years. A mortality table was received in evidence. Rather than repeat its findings, the court relies on the findings of fact presented on January 21, 1988. *See* document 48, Attachment G.

Finally, the court has reviewed the submitted cases, placed the cases into groups for analysis, and has averaged the awards within each group in order to have a reasoned basis (in addition to the findings in this case) for the award (*See* Attachment A):

GROUP A.—All submitted Escambia County cases. Average award per parent: $879,167.00

GROUP B.—Escambia County cases; with the highest (*White*) and the lowest (*Pendleton*) awards eliminated, as

possible trend deviations. Average award per parent: $825,000.00.

GROUP C.—Escambia County cases; those within the last five years only; as possibly demonstrating a trend. Average award per parent: $1,137,500.00.

GROUP D.—*Metropolitan Dade* and *Corbett;* simple interest of 5% added for thirteen years and eight years respectively. Average award per parent: $721,250.00.

GROUP E.—*Johnson v. United States* (unpublished). Average award per parent: $618,000.00.

GROUP F.—*Walt Disney World;* most recent appellate decision in Florida affirming an award in a similar case. Actual award per parent: $1,000,000.00.

The average of the average of these groups is $863,486.00. This average is similar to the averages in Groups A and B, much less than the average in Group C (the Escambia county "trend" cases), and is also lower than the award in *Walt Disney World.*

Based on the above analysis and computation and the facts in this case, the court concludes that a fair and just award, one in keeping with the trend in. similar cases is $900,000.00 for each parent.

Accordingly, IT IS ADJUDGED that plaintiff Annie L. Williams, as personal representative of the Estate of Shalethia Denise Williams, deceased, shall recover from the defendant United States of America, the sum of $900,000.00 for the benefit of Annie L. Williams and the sum of $900,000.00 for the benefit of Clarence M. Williams. Interest shall accrue at the current lawful rate from the day of this judgment.

### ATTACHMENT A TO ORDER AND FINAL JUDGMENT

Group A   All submitted Escambia County Cases:

| | Case | Award Per Parent (Average or Actual) |
|---|---|---|
| 1. | Neese | $1,000,000.00 |
| 2. | Gulley | 1,500,000.00 |
| 3. | Reynolds | 300,000.00 |
| 4. | White | 1,750,000.00 |
| 5. | Williams | 500,000.00 |
| 6. | Pendleton | $ 225,000.00 |
| | AVERAGE AWARD: | $ 879,167.00 |

Group B   Escambia County Cases. Highest (White) and lowest (Pendleton) awards eliminated.

| | Case | Award Per Parent |
|---|---|---|
| 1. | Neese | $1,000,000.00 |
| 2. | Gulley | 1,500,000.00 |
| 3. | Reynolds | 300,000.00 |
| 4. | Williams | 500,000.00 |
| | AVERAGE AWARD: | $ 825,000.00 |

Group C   Escambia County Cases Within the Past Five Years.

| | | |
|---|---|---|
| 1. | Neese | $1,000,000.00 |
| 2. | Gulley | 1,500,000.00 |
| 3. | Reynolds | 300,000.00 |
| 4. | White | 1,750,000.00 |
| | AVERAGE AWARD: | $1,137,500.00 |

Group D   Metropolitan Dade and Corbett, simple interest of 5% added for thirteen and eight years respectively. Original total awards $900,000.00 and $1,000,000.00 respectively.

| | | |
|---|---|---|
| 1. | Metropolitan Dade | $ 742,500.00 |
| 2. | Corbett | 700,000.00 |
| | AVERAGE AWARD: | $ 721,250.00 |

Group E   Johnson v. United States (unpublished)

| | |
|---|---|
| AVERAGE AWARD: | $ 618,000.00 |

Group F   Walt Disney World

| | |
|---|---|
| ACTUAL AWARD: | $1,000,000.00 |