## INTERSTATE COMMERCE COMMISSION v. KEESHIN MOTOR EXPRESS CO., Inc.
## No. 8059.

Circuit Court of Appeals, Seventh Circuit.

March 15, 1943.

Floyd F. Shields, Zachary D. Ford, Jr., Luther M. Walter, and Helen W. Munsert, all of Chicago, Ill., for appellant.

G. H. English, of Washington, D. C., and Hugh E. Lillie and Colin A. Smith, both of Chicago, Ill., for appellee.

Before SPARKS, MAJOR, and KERNER, Circuit Judges.

SPARKS, Circuit Judge.

The defendant appeals from a decree of the District Court entered on March 11, 1942. That decree merely confirmed its prior decree of December 6, 1941, which permanently enjoined the defendant from in any manner charging, demanding, collecting or receiving a less or greater charge for transportation of property by motor vehicle in interstate or foreign commerce over its lines between places in any one state, through another state, than the charge provided for in the defendant's effective tariffs which it had filed with the Interstate Commerce Commission.

The action was instituted by the Interstate Commerce Commission under the provisions of Part II of the Interstate Commerce Act, section 222(b), 49 U.S.C.A. § 322(b). It alleged violations of §§ 217 and 222 of the Act.

Part of the controversy here presented involves the amendment of the complaint, to conform to the evidence which resulted upon a rehearing on the first decree. For this reason we think a better understanding of the issues involved may be gained by setting forth the chronology of the various proceedings.

The complaint was filed on June 25, 1941, and answered on September 6, 1941. On November 17, 1941, a stipulation was filed, and the cause seems to have been submitted upon this stipulation together with the pleadings. On December 6, 1941, the court filed its findings of fact and conclusions of law, and upon the same date it rendered its decree upon its conclusions of law, perpetually and permanently enjoining and restraining defendant and its agents and employees from in any manner charging, demanding, collecting or receiving a less or a greater charge for the transportation of property by motor vehicle in interstate or foreign commerce over its lines between places in any one state through another state, than the charge provided for in the effective tariff on file with the Interstate Commerce Commission. On that same date the Commission, by permission of the court, filed its amended complaint.

It is not clear from the record as to the relative order of the various actions on December 6, but we infer from the argument of counsel that the findings and conclusions were first filed and the decree was rendered. Thereupon there was a controversy between counsel as to the scope of the decree. Appellant contended, in effect, that the decree should not extend to any

traffic except that between East St. Louis, Illinois, and other points in that State, moving through St. Louis, Missouri. On the other hand, plaintiff contended that the decree properly covered similar instances, if any, in all the territory in which defendant conducted its business.

On December 11, 1941, defendant filed its motion to vacate the decree of December 6; for leave to file its answer to the amended complaint; and for a further hearing on all motions embraced in the amended complaint which were not embraced in the original complaint. On that date the court denied this motion, but permitted the defendant to file its answer to the amended complaint, which was done. It then permitted a further hearing to be had upon the modification of the decree of December 6, but further announced that that decree would remain in full force and effect until modified by the court.

On January 27, 1942, plaintiff filed its motion to strike portions of the defendant's answer to the amended complaint, and for judgment on the pleadings. This motion was denied, and on March 11, 1942, the court "ordered that the decree entered on December 6, 1941, be, and the same is hereby affirmed."

Appellant contends that the issuance of the permanent injunction was based upon a showing of relatively few infractions of the Statute; that they were completely inadvertent; and that corrective measures were immediately instituted by the defendant when its attention was called to them by the Commission.

The record discloses that appellant is a common carrier of property by motor vehicle in interstate commerce. It operates in twelve states, and as such it comes within the purview of the Interstate Commerce Act, Part II, and as required by that Act had filed with the Commission appropriate tariffs for the transportation services here involved.

During the period from October 8, 1940, to February 20, 1941, 796 shipments were transported by appellant from or to points in Illinois, to or from points in the East St. Louis district in Illinois, all of which shipments were in interstate commerce, because operating reasons required all of appellant's traffic to or from the East St. Louis district to be cleared through St. Louis, Missouri. On 438 of these shipments incorrect charges were assessed.

On being advised by its manager in St. Louis, Missouri, that representatives of the Commission were investigating the errors above referred to, appellant by its freight traffic manager, issued a bulletin addressed to all Illinois terminals calling attention to the fact that the shipments herein referred to were interstate in character, and he ordered that corrections be made in billings to conform with appellant's tariffs. This bulletin should have become effective on or about February 21, 1941.

In addition to the 438 shipments out of 796 incorrectly charged for during the period from October 8, 1940, to February 20, 1941, referred to above, there were also errors in 210 out of 1,348 shipments between the same points from February 21 to September 30, 1941, and 60 out of 536 from October 1 to December 31, 1941. Of the 648 shipments on which incorrect charges were assessed during the periods just mentioned, 604 were charged at less than the lawful rate.

Appellant contends that the infractions referred to were relatively few and inconsequential, and that corrective measures were immediately instituted by the defendant, hence that it cannot be said that they were unlawful within the meaning of the Act. We do not agree. Indeed, they were all unlawful, regardless of whether they were small infractions or inadvertently committed. Moreover, from this record we do not regard the infractions as relatively few when compared with the total number of transportations. Appellant is one of the larger motor express companies of this country and it must be considered that it knew what its duties were in these respects.

Appellant further urges that owing to the displacement of help during our war period, it has been compelled to employ other help which is not as efficient and capable of understanding the complicated system of determining the appropriate classifications, correct rates and proper charges. Such contention should be given consideration, and we have no doubt that it was considered by the Commission. However, the work referred to does not impress us as being complicated in any great degree, and the infractions in this respect appear to us to have been much more frequent than they should have been under all the circumstances. This was the opinion of the Commission and the District

Court, and we cannot disturb their conclusion in this respect.

Appellant further contends that the issuance of the permanent injunction, unrestricted in territorial scope, was not justified in view of the facts that the original complaint and all the evidence of record were limited to transportation between points in Illinois through St. Louis, Missouri, and although the amended complaint was of broader scope, it was not filed until after the District Court had indicated that the Commission was entitled to a broad injunction, provided the complaint were sufficiently amended. We think there is no merit in this contention.

Appellant relies upon the case, New York, New Haven & H. R. Co. v. Interstate Commerce Commission, 200 U.S. 361, 26 S.Ct. 272, 282, 50 L.Ed. 515, where the Court said, " * * * the proposition is that by the effect of a judgment against a carrier concerning a specific violation of the act, the carrier ceases to be under the protection of the law of the land and must thereafter conduct all its business under the jeopardy of punishment for contempt for violating a general injunction. To state the proposition is, we think, to answer it. Swift & Co. v. United States, 196 U.S. 375, 25 S.Ct. 276, 49 L.Ed. 518. * * * The requirement of the act to regulate commerce that a court shall enforce an observance of the statute against a carrier who has been adjudged to have violated its provisions, in no way gives countenance to the assumption that Congress intended that a court should issue an injunction of such a general character as would be violative of the most elementary principles of justice. * * *" We note that the decree there reviewed was one enjoining one railroad from further executing a written contract and an oral agreement supplementary thereto, the effect of which was to grant discriminatory rates to a second railroad which was also enjoined from asserting any claim under the contract and supplemental agreement. One railroad appealed from the order as entered, and the Commission also filed a cross-appeal from denial by the district court of its request that the order be extended to include an order that the other railroad perpetually observe in the future its published rates.

After discussing the scope of the injunction, the Court concluded that the injunctional order should be enlarged "by perpetually enjoining the Chesapeake and Ohio from taking less than the rates fixed in its published tariff of freight rates, by means of dealing in the purchase and sale of coal." In other words, the Court entered an order forbidding the road from departing from its rates without limitation to the particular road as to which the complaint had been filed, although so far as we know, there was no complaint of similar violations with respect to other roads.

■ We think this action of the Court very significant in view of the scope of the injunction here involved. While it is well established that courts may not issue a blanket order enjoining *any* violation of a Statute upon a showing that the Act has been violated in some particular respects,[1] nevertheless, they do possess authority to restrain violations similar to those already committed. As this court said in National Labor Relations Bd. v. Swift & Co., 7 Cir., 108 F.2d 988, 990, "In our opinion the Board is not necessarily restricted in any case to an order which compels cessation only of the particular and limited activity found to have taken place." To the same effect is the language of the Supreme Court in National Relations Labor Bd. v. Express Co., 312 U.S. 426, (437), 61 S.Ct. 693, 700, 85 L.Ed. 930:

"* * * We hold only that the * * * Act does not give the Board an authority, which courts cannot rightly exercise, to enjoin violations of all the provisions of the statute merely because the violation of one has been found. To justify an order restraining other violations it must appear that they bear some resemblance to that which the employer has committed or that danger of their commission in the future is to be anticipated from the course of his conduct in the past."

■ In view of the principles enunciated above, we are convinced that there was sufficient similarity and relationship in the violations shown in the limited geographic area as to which the complaint was originally filed, and those inhibited as to all territories in which appellant operated

---

[1] "This Court will strike from an injunction decree restraints upon the commission of unlawful acts which are thus dissociated from those which a defendant has committed." National Labor Relations Bd. v. Express Co., 312 U.S. 426, 61 S.Ct. 693, 699, 85 L.Ed. 930.

to justify the broad injunctional order issued by the court on the amended complaint. See, also, Standard Oil Co. v. United States, 221 U.S. 1, 77-82, 31 S.Ct. 502, 55 L.Ed. 619, 34 L.R.A.,N.S., 834, Ann. Cas.1912D, 734. We are convinced that the admitted and persistent violations of the Act in the East St. Louis district constituted a sufficient basis for the court to anticipate that further violations of the same character might be committed by appellant in other districts if not enjoined.

Decree affirmed.