272 So.2d 162 (1973)
Kate W. VINCENT, a Free Dealer, Appellant,
v.
Helen W. LAWSON and W.A. Lawson, Her Husband, Appellees.
No. 72-137.
District Court of Appeal of Florida, Fourth District.
January 15, 1973.
Richard A. Lawrence, Sr., Melbourne, for appellant.
William J. Neale, of Neale & Sigman, Melbourne, for appellees.
WHITE, JOS. S., Associate Judge.
This is an appeal by the plaintiff who had obtained a foreclosure decree in the *163 trial court, but which decree was vacated by the trial court upon defendant's motion made several months subsequent to the entry of the decree, foreclosure sale of the property and the issuance of certificate of title to the plaintiff. With the motion to vacate the decree defendant tendered into court the full amount due on account of principal, interest, costs and attorney fees. The appeal is from the trial court's order vacating the final decree, the foreclosure sale, and the certificate of title held by plaintiff.
Defendant's motion to vacate was based upon the fact that shortly after institution of suit plaintiff and defendant agreed upon suspension of the proceedings if defendant would make certain periodical payments toward discharging a delinquency existing at the time of suit. Defendant argued that thereafter plaintiff could not lawfully resume action without first giving defendant notice of such an intention.
No responsive pleading was filed to the motion to vacate, but, nevertheless, a hearing was held at which time testimony on the motion was heard by the trial judge.
In reviewing this testimony we find a conflict existing regarding the exact terms of the agreement according to which defendant was to make payments and plaintiff was to suspend prosecution of the foreclosure proceedings. According to plaintiff's version of the agreement, time of performance by defendant was the essence of the contract, whereas defendant said that the payment made on the occasion of the agreement would "stop the foreclosure" and that there was no "set time", "not any specific time" for paying the balance; that defendant "would make payments as often as I could".
Conflicts in testimony are to be reconciled by the trier of the facts; in this case, the trial judge. We are not authorized to reverse if there is substantial evidence in the record to support the conclusions of the trier of the facts.
The trial judge ruled that plaintiff should have notified defendant of a resumption of the foreclosure proceedings. If defendant's version of the terms of the agreement is to be accepted, as the trial judge had a right to do, plaintiff, indeed, should have given notice, fixing a reasonable time in the future for compliance, in default of which prosecution of proceedings would be resumed.
The motion to vacate was filed September 27, 1971. Defendant testified that she first learned of the action taken by plaintiff on or about August 10, 1971. We find justification in the record for the action of the trial judge.
Affirmed.
REED, C.J., and CROSS, J., concur.