322 So.2d 565 (1975)
MANUFACTURERS NATIONAL BANK OF HIALEAH, a National Banking Corporation, Appellant,
v.
CANMONT INTERNATIONAL, INC., a Florida Corporation, Appellee.
No. 75-107.
District Court of Appeal of Florida, Third District.
November 18, 1975.
Smathers & Thompson and Shepherd D. Johnston, Miami, for appellant.
Richard H.W. Maloy and Richard J. Burton, Coral Gables, Kevin A. Anderson, Hialeah, for appellee.
Before BARKDULL, C.J., and HENDRY and NATHAN, JJ.
HENDRY, Judge.
Appellant, defendant below, brings this appeal from a final judgment of the circuit court granting specific performance of a contract to appellee, plaintiff below.
In July, 1968, appellant purchased a parcel of land from appellee. The property *566 was approximately one-half acre and was located at the southwest corner of the Flamingo Shopping Plaza in Hialeah, Florida. Appellant and appellee also entered into an agreement dated July 24, 1975, relating to a sign which was on the purchased property. Paragraph four of this agreement provided that appellee would convey the sign to appellant which agreed to maintain it and to provide adequate illuminated space on the sign to identify Flamingo Plaza Shopping Center. This part of the agreement contained no terms as to duration.
As contemplated by the agreement, appellant proceeded with the construction of a bank building on the property. During construction, it became necessary to take the sign down because it was in the way of construction. Thereafter, the parties were unable to agree on a replacement sign and appellee filed a complaint, as amended, seeking specific performance and money damages.
On December 19, 1974, the trial court entered a final judgment which ordered appellant to re-erect an identical sign in the exact location where it was previously located prior to its removal and to specifically comply with the July 24, 1968 agreement by maintaining the sign and providing adequate illuminated space on the sign identifying the Flamingo Plaza Shopping Center. From this judgment, appellant brings its appeal.
Appellant's basic contentions on appeal are that the trial court erred in entering its judgment because the disagreement over the sign was settled by a written compromise and settlement between the parties and because the remedy of specific performance was improperly granted.
Generally, an appellate court is limited in its review to the correction of errors of law and is not authorized to review questions of fact. While the question as to the sufficiency of the evidence as a matter of law may be presented to the appellate court, its duty in this regard ceases when it has determined that there is some substantial evidence to support the judgment. Vincent v. Lawson, Fla.App. 1973, 272 So.2d 162; and 2 Fla.Jur., Appeals, §§ 340-344, and § 347 with the cases cited therein. Since the record in this appeal discloses substantial evidence upon which the chancellor found that a compromise and settlement did not exist, we find no error relating to that determination.
Appellant cites several grounds in support of its contention that the trial court erred in granting specific performance. Among these are that money damages were adequate, the judgment is in perpetuity, there was no duty to build an identical sign, construction contracts are not enforceable in equity, and that the judgment unjustly enriches appellee.
Since the granting of a decree of specific performance is recognized as being largely discretionary with the chancellor, see 29A Fla.Jur., Specific Performance, §§ 11-13, it follows, as a general rule, that the chancellor's order or decree will not be disturbed on appeal unless it is clearly shown to be erroneous or to constitute an abuse of judicial discretion. Thus, where a suit for specific performance is brought and judgment is rendered by the chancellor in favor of the plaintiff, the judgment will be affirmed on appeal if the appellate court considers that the chancellor's findings have ample support in the record. Cramer v. Pringle, Fla.App. 1962, 136 So.2d 653; Wimbish v. Douglass, 92 Fla. 224, 109 So. 306 (1926); and see 29A Fla.Jur., Specific Performance § 165. Applying this principle to the instant appeal, we find that the judgment was not arbitrary or contrary to law. However, to the extent that the judgment orders appellant "to re-erect an identical sign in the exact location where it was previously located," we hold that the judgment should be modified to order appellant "to re-erect a sign as nearly identical as is reasonably possible where it was previously located."
*567 We have considered the record, all points in the briefs and arguments of counsel in the light of the controlling principles of law, and have concluded that no other harmful error has been demonstrated.
Therefore, for the reasons stated and upon the authorities cited, the judgment appealed is affirmed in part and reversed in part with directions for modification.