442 So.2d 278 (1983)
Lauren S. PURITZ, Appellant,
v.
Jerome L. ROSEN, Appellee.
No. 82-2488.
District Court of Appeal of Florida, Fourth District.
November 23, 1983.
Rehearing Denied January 17, 1984.
*279 Lee H. Schillinger, Coral Gables, for appellant.
Eric R. Schwartz of Weitz & Schwartz, P.A., Lauderdale Lakes, for appellee.
BERANEK, Judge.
This appeal concerns the dissolution of a partnership and the resulting suit for damages and an accounting which the plaintiff/appellant, Puritz, brought against defendant/appellee, Rosen. As framed by the pleadings, the primary issue presented for adjudication by the trial court was whether the accounting partnership established between Rosen and Puritz on April 1, 1974, survived their merger with the accounting partnership of Holtz & Company on February 1, 1977. The trial court denied all relief requested by plaintiff upon the finding that all rights and liabilities between the parties were terminated or merged upon the commencement of their dealings with Holtz & Company. We disagree and reverse.
In early 1974, Rosen and Puritz agreed to form a partnership. The parties drafted and executed a series of agreements which altogether constituted their partnership agreement. The documents included a partnership agreement which provided profit and loss sharing between Rosen and Puritz on an 80%/20% basis. In the case of a dissolution by withdrawal of either partner, they were required to liquidate the accounting practice between themselves. The value of each partner's interest was to be determined in accordance with a valuation formula based on the previous calendar year's gross billings. This formula was contained in a buy and sell agreement which was incorporated by reference into the partnership agreement. The parties also executed an agreement which clearly identified Puritz's purchase of a 20% interest in Rosen's accounting practice which included fixed assets of furniture, fixtures, equipment, a computer subject to a chattel mortgage and note, and the goodwill of Rosen's accounting practice. Further, Rosen agreed to grant Puritz an option to purchase an additional 20% of his accounting practice, and this also was memorialized in a written option agreement. On April 29, 1976, the parties entered into an option agreement extension extending the option agreement until April 30, 1978.
In December, 1976, Rosen and Puritz were approached by Holtz & Company, a large accounting concern, which was considering opening an office in Fort Lauderdale. An agreement was reached and on February 1, 1977, Rosen and Puritz joined Holtz & Company. On that same day, Rosen and Puritz exercised the extended option agreement existing between themselves by the execution of an agreement whereby Puritz purchased an additional 20% of Rosen's accounting business for $30,000, thereby giving Puritz a total 40% interest in the accounting practice. As consideration, Puritz executed and delivered a promissory note for $35,000, payable to Rosen ($5,000 of which was for an unrelated debt). Rosen and Puritz then instructed Holtz & Company to split their attributable earnings at 60%/40%. Puritz made payments to Rosen pursuant to the promissory note.
In April, 1978, problems arose and the income split was changed to 70%/30%. Puritz acquiesced in this agreement. At the end of 1978, Puritz completed payment *280 on the promissory note and received an acknowledgment from Rosen which stated:
JEROME L. ROSEN hereby acknowledges receipt of the sum of Ten Thousand Dollars ($10,000) from LAUREN S. PURITZ as full and final payment of a promissory note dated February 1, 1977 in the face amount of Thirty-Five thousand dollars ($35,000). ROSEN hereby tenders said promissory note on which PURITZ is the maker as acknowledgment of its payment and the completion of PURITZ'S purchase of an equity interest in ROSEN'S accounting practice. [Emphasis added.]
In January, 1980, Rosen informed Holtz & Company and Puritz that he was leaving and taking his accounting clients with him. Rosen did not return any of the money paid to him by Puritz, nor did he pay him any money in accordance with the formula contained in the buy and sell agreement. Puritz sued contending the original accounting firm was still in existence and seeking an accounting and damages from Rosen.
Rosen convinced the trial court that his partnership with Puritz was terminated when they joined Holtz & Company and the trial court denied all relief sought by Puritz. We are aware that it is the function of the trial court to evaluate and weigh the testimony and other evidence to arrive at findings of fact. It is not our function to reweigh the evidence nor to substitute our judgment for that of the trial court. However, we must look to whether the judgment of the trial court is supported by competent evidence. Oceanic International Corporation v. Lantana Boatyard, 402 So.2d 507 (Fla. 4th DCA 1981). Applying this test, we hold that the findings of the trial court were clearly against the manifest weight of the evidence. The parties dealt with each other through written agreements. Neither party objected at trial to the parol testimony heard by the trial court. Nevertheless, the court allowed this parol testimony, particularly that of Rosen, to alter the intent expressed in all of the written agreements.
If the last act completed by the parties had been the joinder with Holtz & Company, Rosen would have had a plausible argument that the partnership was dissolved. However, the merger with Holtz & Company was not the final act. On that same day, Rosen and Puritz executed another agreement whereby Puritz exercised his existing option to purchase an additional 20% of Rosen's accounting practice for $30,000. Puritz paid off the note and received a receipt which clearly indicated the purchase of an equity interest in Rosen's accounting practice. The trial court questioned Rosen as to what he was giving Puritz in return for Puritz's promise to pay an additional $30,000. In response, Rosen answered: "He got an additional 20% interest in Holtz & Company." The managing partners of Holtz & Company testified that the partners of Holtz & Company did not permit the sale of interests in their accounting practices. Obviously, Rosen's response belies the clear import of the written documents, especially his receipt. It is undisputed that Rosen had no power or right to sell a portion of Holtz & Company. Further, Rosen, not Holtz & Company, received the entire consideration, none of which was returned to Puritz.
In addition to the factual matters discussed above, we hold that under the Uniform Partnership Act, Section 620.67(2), Florida Statutes (1981), there was no dissolution of the partnership. Certainly, there was no settlement or liquidation of the partnership affairs, especially in light of the February 1, 1977, agreement allowing Puritz to buy an additional 20% of Rosen's accounting practice. Puritz is entitled to an accounting and to a determination of the amount due him in accordance with the valuation formula. This matter is remanded to the trial court for further proceedings in accordance with this opinion.
REVERSED AND REMANDED.
DOWNEY and HERSEY, JJ., concur.