494 So.2d 226 (1986)
LAKE TIPPECANOE OWNERS ASSOCIATION, INC., Appellant,
v.
Carol Abell HANAUER, Appellee.
No. 86-111.
District Court of Appeal of Florida, Second District.
July 30, 1986.
Rehearing Denied September 18, 1986.
Ezra J. Regen, Sarasota, for appellant.
Thomas C. Valentine of Trawick, Griffis, Hammersley & Valentine, P.A., Sarasota, for appellee.
SCHEB, Judge.
Appellant Lake Tippecanoe Owners Association, Inc., a condominium association, sought injunctive relief against appellee Carol Hanauer for her alleged violation of condominium documents. Hanauer prevailed in this litigation and was entitled to reasonable attorney's fees pursuant to section 718.303(1)(d), Florida Statutes (1985). This case involves our review of the trial court's determination of reasonable attorney's fees for Hanauer based on the supreme court's decision in Florida Patients Compensation Fund v. Rowe, 472 So.2d 1145 (Fla. 1985).
The supreme court, after reviewing the criteria set forth in Disciplinary Rule 2-106(B) *227 of the Florida Bar Code of Professional Responsibility, set out a formula for computing reasonable attorney's fees. This formula is applicable where, as here, a statute authorizes an award of fees to a prevailing litigant. In computing attorney's fees, the court stated that the trial judge should:
(1) determine the number of hours reasonably expended on the litigation; (2) determine the reasonable hourly rate for this type of litigation; (3) multiply the result of (1) and (2); and, when appropriate, (4) adjust the fee on the basis of the contingent nature of the litigation or the failure to prevail on a claim or claims. Rowe, 472 So.2d at 1151-1152.
In this case, the trial judge correctly followed steps (1), (2), and (3), and arrived at a figure of $11,875. This amount is termed the lodestar factor under Rowe. The court then proceeded to multiply this amount by what it termed a "success factor" of 1.5 and arrived at $17,812.50. The trial judge reduced this sum to $14,664 because it exceeded the amount which Hanauer was obligated to pay her counsel. The court then added costs of $534.45 and awarded Hanauer $15,198.45 for her attorney's fees and costs.
The trial judge erred in multiplying the lodestar factor by 1.5 because this case did not qualify for an enhanced fee. Enhancements under Rowe is only applied where a contingency risk multiplier is appropriate. Here, there was no contingency risk factor to be considered.
We find no merit to the other arguments presented by appellant.
Accordingly, we amend the judgment for fees and costs to award appellee attorney's fees of $11,875 and costs of $534.45, for a total of $12,409.45. As amended, the judgment is affirmed.
GRIMES, A.C.J., and SCHOONOVER, J., concur.