518 So.2d 927 (1987)
FIRST STATE INSURANCE COMPANY, Appellant,
v.
GENERAL ELECTRIC CREDIT AUTO LEASE, INC. and Linda Singerman, Appellees.
No. 87-157.
District Court of Appeal of Florida, Third District.
December 15, 1987.
Daniels & Hicks and Elizabeth Koebel Clarke, Dixon, Dixon, Hurst & Nicklaus, Miami, for appellant.
Cooper, Wolfe & Bolotin and Marc Cooper, Sams, Ward, Yanowitch, Spiegel & Alger, Pyszka, Kessler, Massey, Weldon, Catri, Holton & Douberley and Gerard Pyszka, Highsmith, Strauss & Glatzer and Philip Glatzer, Miami, for appellees.
Before HENDRY, HUBBART and FERGUSON, JJ.
PER CURIAM.
This is an appeal by the excess insurance carrier, First State Insurance Company [First State] from a final summary judgment determining that First State provided insurance coverage to its insured, General Electric Credit Auto Lease, Inc. We affirm based on the following briefly stated legal analysis.
First, we conclude that the subject insurance policy was ambiguous as to the amount of the excess insurance coverage, and that the parol evidence introduced below established that the parties intended to provide the coverage which the trial court ordered. We will not burden this opinion with a detailed analysis of why this is so, but suffice it to say that the excess coverage provisions were less than a model of clarity, did not clearly state that coverage was only excess over $1,100,000, and made it extremely unclear as to what the excess coverage was. Accordingly, the trial court properly took parol testimony from the insurance company's own representative as to the intent of the parties regarding the *928 ambiguous excess coverage provision. This testimony clearly establishes that the parties intended the excess coverage ordered by the trial court in the final judgment. This being so, the final judgment must be affirmed on the coverage issue. See Mutual Fire, Marine & Inland Ins. Co. v. Florida Testing & Eng'g Co., 511 So.2d 360 (Fla. 5th DCA 1987); Drisdom v. Guarantee Trust Life Ins. Co., 371 So.2d 690, 692 (Fla. 3d DCA 1979); Landis v. Mears, 329 So.2d 323, 326 (Fla. 2d DCA 1976).
Second, we further conclude that the attorney's fee order entered in favor of the insured, see § 627.428, Fla. Stat.(1985), must also be affirmed as it is supported by substantial competent evidence below. We specifically reject the appellant's argument that no multiplier factor is proper under the lodestar method of assessing attorney's fees established by Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla. 1985), where, as here, the client insured hires an attorney on a partial contingency fee contract basis. Such a partial contingency contract might very well affect the size of the multiplier factor, but not the entitlement to such a factor. Here no challenge is made to the size of the multiplier factor employed in this case, only to the entitlement to same. We, accordingly, find no error in the entry of the attorney's fee order in this case. See Linn v. Linn, 464 So.2d 614 (Fla. 4th DCA 1985); cf. Appalachian, Inc. v. Ackmann, 507 So.2d 150, 152 (Fla. 2d DCA), rev. denied, 515 So.2d 229 (Fla. 1987); Good Samaritan Hosp. Ass'n v. Saylor, 495 So.2d 782, 784-85 (Fla. 4th DCA 1986); Lake Tippecanoe Owners Ass'n v. Hanauer, 494 So.2d 226 (Fla. 2d DCA 1986).
Affirmed.