522 So.2d 894 (1988)
CHRYSLER CORPORATION, a Foreign Corporation, Appellant/Cross-Appellee,
v.
Rochelle WEINSTEIN, Appellee/Cross-Appellant.
No. 87-1111.
District Court of Appeal of Florida, Third District.
February 23, 1988.
Rehearing Denied April 20, 1988.
*895 Walton, Lantaff, Schroeder & Carson and G. Bart Billbrough, Miami, for appellant/cross-appellee.
Michael Lechtman, North Miami Beach, for appellee/cross-appellant.
Before BARKDULL, NESBITT, and JORGENSON, JJ.
PER CURIAM.
Chrysler Corporation appeals an order awarding attorney's fees to Rochelle Weinstein following a jury verdict in her favor pursuant to the Motor Vehicle Warranty Enforcement Act (Lemon Law), § 681.10, et seq., Fla. Stat. (1985). We affirm the award.
Rochelle Weinstein sued Chrysler as a result of a defective car sold to her. The jury found in her favor on her Lemon Law and breach of contract claims. She did not prevail on breach of implied warranty, breach of merchantability, and punitive damage claims. Damages were assessed at $14,389.
A hearing was held to determine appropriate attorney's fees. The trial court awarded a fee of $18,055 based on findings that 80.25 hours of work on the case were reasonable and necessary; that Chrysler did not prove that opposing counsel had spent increased time preparing claims on which he did not prevail, thus obviating the need to reduce the number of hours for which fees should be awarded; that the attorney was entitled to $150 per hour; that the lodestar factor in this case was $12,037; and that Weinstein was represented on a contingency basis in a case where her chances of prevailing were more likely than not, thus entitling her attorney to an enhancement factor of 1.5.
In this appeal, Chrysler first alleges that Weinstein's attorney, while statutorily entitled to attorney's fees based on the Lemon Law, § 681.104(5)(b), Fla. Stat. (1985), failed to support his claim that the hours he expended on the case were reasonable. Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145, 1150 (Fla. 1985). A review of the record shows that the trial judge found the number of hours *896 to be reasonable in comparison to those spent by Chrysler's attorneys. We approve that finding. Manufacturers Nat'l Bank v. Canmont Int'l, Inc., 322 So.2d 565 (Fla. 3d DCA 1975); Vincent v. Lawson, 272 So.2d 162 (Fla. 4th DCA 1973).
Once the court determined the number of hours expended and the hourly rate of pay to be used (which is not disputed here), the lodestar factor was produced which became the objective basis for the fee award. Rowe, 472 So.2d at 1151. The trial court's next step was to add or subtract from the fee based on the "results obtained" and the "contingency risk" factor. Id. at 1151.
In that regard, Chrysler asserts that in calculating the fee award, the trial court should have reduced counsel's total hours by the amount of time spent on preparing non-statutory claims on which Weinstein did not prevail. See id. at 1151. We do not accept this argument. The trial court was entitled to believe Weinstein's expert who testified that the intertwining of the related causes of action for breaches of contract and express and implied warranties did not substantially increase the labor since all the claims involved a common core of facts and were based on related legal theories. An argument similar to Chrysler's was rejected in Drouin v. Fleetwood Enter., 163 Cal. App.3d 486, 209 Cal. Rptr. 623 (1985). There the court held that attorney's fees need not be apportioned because of a related legal theory where the various claims involve a common core of facts. Cf. Hendry Tractor Co. v. Fernandez, 432 So.2d 1315 (Fla. 1983) (plaintiff in a multi-count personal injury action who prevailed on one theory of liability, but lost on another, was entitled to recover costs because injuries arose out of a single set of circumstances); but cf. Folta v. Bolton, 493 So.2d 440 (Fla. 1986) (In a multi-count medical malpractice action, where each claim was separate and distinct and would support an independent action, as opposed to being an alternative theory of liability for the same wrong, the prevailing party on each distinct claim is entitled to attorney fees for those fees generated in connection with that claim).
We similarly reject Chrysler's claim that the fee arrangement between Weinstein and her attorney was not truly contingent. The agreement here required Weinstein to pay a flat $1,500 plus a $100 cost deposit. The balance of the fee was contingent on the successful outcome of her suit and was to be calculated at no less than $150 per hour. After receiving the fee award, Weinstein was to be reimbursed the flat retainer and cost deposit and the remainder was to go to her attorney. Review of the evidence indicates the fee was partially contingent, so application of an enhancement factor to increase the award was appropriate and in accord with the standards of Rowe. 472 So.2d at 1151. First State Ins. Co. v. General Elec. Credit Auto Lease, Inc., 518 So.2d 927 (Fla. 3d DCA 1987).
Finally, in a cross-appeal, counsel for Weinstein asserts that the enhancement factor of one and one-half, applied by the trial court, did not properly reflect the contingency risk factor involved. Rowe entitles the trial court to enhance the lodestar by an appropriate contingency risk factor ranging from 1.5, when the court finds that success was more likely than not at the outset, to 3, when success was unlikely at the outset. Rowe, 472 So.2d at 1151. Claiming that at the outset Weinstein's success was unlikely, her counsel contends the multiplier should be three. The trial judge found that at the outset of the litigation it appeared more likely than not that plaintiff would succeed in her claim. Since such a finding was within the discretion of the trial judge, this court will not substitute its judgment for his. Haywood v. State, 458 So.2d 1186, 1187 (Fla. 1st DCA 1984); Puritz v. Rosen, 442 So.2d 278, 280 (Fla. 4th DCA 1983). We, therefore, conclude that the enhancement factor of 1.5 applied by the trial court was proper. See Appalachian, Inc. v. Ackmann, 507 So.2d 150, 154 (Fla. 2d DCA), rev. denied, 515 So.2d 229 (Fla. 1987).
Accordingly, finding no error in the trial court's order awarding plaintiff attorney's fees, we uphold that court's ruling. See Linn v. Linn, 464 So.2d 614 (Fla. 4th DCA *897 1985); cf. Appalachian, 507 So.2d at 152 (canvas of the record and analysis of the evidence showed no reversible error in application of Rowe principles); Good Samaritan Hosp. Ass'n v. Saylor, 495 So.2d 782, 784 (Fla. 4th DCA 1986) (evidence supported trial court's award of attorney's fees based on federal lodestar formula).
Affirmed.