534 So.2d 723 (1988)
The GLADES, INC., a Florida Corporation, Appellant,
v.
The GLADES COUNTRY CLUB APARTMENTS ASSOCIATION, INC., a Non-Profit Florida Corporation, Appellee.
The GLADES COUNTRY CLUB APARTMENTS ASSOCIATION, INC., a Non-Profit Florida Corporation, Appellant,
v.
The GLADES, INC., a Florida Corporation, Appellee.
Nos. 87-1757, 87-3553.
District Court of Appeal of Florida, Second District.
October 5, 1988.
As Clarified on Denial of Rehearing December 9, 1988.
James H. Siesky of Siesky and Lehman, P.A., Naples, for Glades, Inc.
S. Lee Crouch of Crouch & Miner, P.A., Hallandale, for Glades Country Club Apartments Ass'n., Inc.
LEHAN, Acting Chief Judge.
This case involves two appeals, one by plaintiff and one by defendant, from a $66,000 attorney's fee award to defendant's attorney following the remand directed by this court's prior opinion in Glades, Inc. v. Glades Country Club Apartments Ass'n, Inc., 502 So.2d 1368 (Fla. 2d DCA 1987). Our present opinion is summarized as follows. In a particular case like this, evidence sufficient to support a finding of the number of hours reasonably expended by an attorney need not necessarily include specific, written time records, although such records are highly preferable and the lack thereof may in certain cases justify a reduction in the number of hours claimed. Also, in a particular case like this the size of an attorney's fee awarded by a court to *724 defendant's attorney whose fee arrangement with defendant was for a reasonable, not totally contingent fee may be enhanced, based upon the amount involved in the case and the result obtained, over and above the lodestar figure.
The basis for plaintiff's liability for the attorney's fee was a provision in a lengthy written settlement agreement which had been entered into by the parties incident to prior litigation, which provided that in any action to enforce the agreement "the prevailing party shall be entitled to the recovery of all of his or its reasonable attorneys' fees," and which was sued upon unsuccessfully by plaintiff. At the inception of defense counsel's representation of defendant the fee arrangement between defense counsel and defendant was for defense counsel to receive a reasonable fee. After the trial it was agreed between defendant and defense counsel that, regardless of the amount of the attorney's fee awarded by the trial court, a reasonable fee was $150,000.
We first address plaintiff's contention on appeal that the fee was improperly awarded because there were produced no written time records specifically reflecting the hours expended by defense counsel.
The $66,000 award represented the lodestar figure, i.e., the result of multiplying by an hourly rate found to be reasonable the number of hours found to have been reasonably expended. See Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145, 1150-51 (Fla. 1985).[1] While defense counsel testified as to hours expended, he produced no contemporaneously kept time records reflecting the hours the trial court found to have been reasonably expended. But we do not agree with the contention on plaintiff's appeal that Rowe requires that those hours must necessarily have been specifically reflected in written time records. We agree with the Third District Court of Appeal in City of Miami v. Harris, 490 So.2d 69, 73 (Fla. 3d DCA 1986), in its conclusion that there is no such requirement in Rowe.
From the record on appeal we do not conclude that Multitech Corp. v. St. Johns Bluff Investment Corp., 518 So.2d 427 (Fla. 1st DCA 1988), should call for a different result. Multitech does say that in that case, "attorney time is not documented with the specificity Rowe requires." Id. at 434. But neither Multitech nor Rowe requires in all cases that documentation supporting the award of an attorney's fee necessarily include records specifically recording time. On the other hand and consistent with Multitech, documentation reflecting the work done by an attorney, and thereby, in a sense, documenting attorney time, may well be called for. As pointed out below, the documentation in this case of defense counsel's work was found by the trial court to have been sufficient and has not been shown on appeal to have been insufficient. No tenable question as to the reasonable expenditure of any portion of the time found by the trial court to have been reasonably expended for that work appears from the record. The expert testimony as to the amount of a reasonable attorney's fee was not transcribed.
Yet it should be noted that Rowe emphasizes the great desirability and potentially critical significance of written time records and points to the lack thereof as a possible basis for reducing the number of hours claimed, 472 So.2d at 1150. See City of Miami v. Harris. See also Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40, 50 (1983) ("Where the documentation of hours is inadequate, the district court may reduce the award accordingly."); Brevard County School Board v. Walters, 396 So.2d 1197, 1198 (Fla. 1st DCA 1981) ("[W]ork hours [in this case] are estimated only, not recorded. Nor are those ... hours adequately explained in terms of effective work... . The absence of reliable time and work records makes it impossible to identify any extraordinary personal counseling and to differentiate between that and necessary *725 legal services. It should not be considered beneath the dignity of fine lawyers to keep time records if ... they aim for someone other than their client to pay the fee. Because of legitimate questions not answered on this record, the fee awarded... for every hour claimed cannot be sustained.").
We do not conclude that the evidence for the lodestar figure equation as to the number of hours reasonably expended has been shown to have been insufficient in this case or that there was an abuse of discretion in that regard. See Florida Power & Light Co. v. Flichtbeil, 475 So.2d 1250, 1252 (Fla. 5th DCA 1985). The order awarding the fee recites that the trial judge who had tried the case, in determining the hours reasonably expended, considered defense counsel's testimony, the testimony and exhibits at the trial, defendant's memorandum in support of the motion for attorney's fee, and "the adequacy of [defense counsel's] documentation" of his work, including the pleadings, discovery, other contents of the court file, the settlement agreement, the mortgage and note which were incident to the settlement agreement, and a stipulated statement of untranscribed testimony at the fee hearing. That testimony included that of two expert witnesses on behalf of defendant as to a reasonable attorney's fee based upon their review of the work done by defense counsel. According to the stipulation, one of those witnesses testified to a fee of $250,000 for between 400 and 450 hours opined by the witness to have been expended by defense counsel. The other testified to a fee of "at least $150,000." See Good Samaritan Hospital Ass'n, Inc. v. Saylor, 495 So.2d 782, 784 (Fla. 4th DCA 1986); Nivens v. Nivens, 312 So.2d 201 (Fla. 2d DCA 1975).
We now address defendant's contention on appeal that the lodestar figure should have been enhanced based upon the amount involved and the result defense counsel obtained for defendant.
The trial court specifically found that unless precluded by Rowe and Lake Tippecanoe Owners Ass'n, Inc. v. Hanauer, 494 So.2d 226 (Fla. 2d DCA 1986), the lodestar figure should be enhanced by at least an additional $84,000 in light of the multimillion dollar amount involved in this complex litigation and the completely successful result obtained on behalf of defendant. The court stated that that enhancement was limited to $84,000 only because that figure, when added to the lodestar figure, would equal the $150,000 fee agreed upon between defendant and defense counsel. See Rowe, 472 So.2d at 1151 ("[I]n no case should the court awarded fee exceed the fee agreement reached by the attorney and his client."). But the court also determined that since the fee arrangement between defendant and defense counsel was not a totally contingent fee arrangement, Lake Tippecanoe's construction of Rowe precluded any enhancement. (To the extent a factor by which to determine the amount of a reasonable attorney's fee is "results obtained" under Rule 4-1.5(B)(4), Rules of Professional Conduct, Rules Regulating the Florida Bar, the extent, if any, by which the amount would be increased due to that factor would be inherently contingent upon the nature of the results, to wit, the extent of success. We conclude that that was the basis for the trial court's reference to the reasonable fee arrangement between defendant and defendant's attorney in this case being not totally contingent.)
Defendant on its appeal argues that enhancement of the lodestar by the court was proper under Rule 4-1.5(B)(4) and that neither Lake Tippecanoe nor Rowe should preclude the enhancement. We agree with that argument and cannot concur with the trial court's implementation of Lake Tippecanoe.
While there is language in Lake Tippecanoe which can be read to preclude enhancement of the lodestar in this case, we conclude that Lake Tippecanoe is not controlling. Its circumstances do not appear to have been the same as those here, as we will explain. To the extent of any apparent conflict between that case and this, we hereby clarify that case.
The opinion in Lake Tippecanoe, which held that the trial court's use of a multiplier factor to enhance the lodestar had been *726 improper, contains a statement that under Rowe enhancement is proper only where a contingency risk multiplier is appropriate. A contingency risk multiplier is appropriate only in a case involving a totally contingent fee arrangement with the client, see Multitech Corp. v. St. Johns Bluff Investment Corp., 518 So.2d 427, 434 (Fla. 1st DCA 1988); Appalachian, Inc. v. Ackmann, 507 So.2d 150, 152, (Fla. 2d DCA), rev. den., 515 So.2d 229 (1987), which Lake Tippecanoe evidently did not involve. However, the court in Lake Tippecanoe did not address, and apparently was not confronted with, the aspect of exceptional success by defense counsel which was in effect found to be present in this case. When that aspect is present, as here, there may properly be enhancement of the lodestar. Nothing in Rowe says otherwise. See Hensley, 461 U.S. at 434-35, 103 S.Ct. at 1940, 76 L.Ed.2d at 51-52 (a fee may be enhanced over and above the figure represented by hours reasonably expended multiplied by reasonable hourly rate in light of "the important factor of the `results obtained'" in "some cases of exceptional success... ." See also Goldrich, Kest & Stern v. City of San Francisco, 617 F. Supp. 557, 565 (C.D.Cal. 1985) ("[W]hile the recent U.S. Supreme Court opinion of Hensley v. Eckerhart [citation omitted] involved the reasonableness of a fee award to a prevailing plaintiff, the Court is of the opinion that the reasoning ... applies just as readily to the fee issue of prevailing defendants."). Hensley is cited in Rowe after the statement that factors considered by the federal courts in determining the amounts of reasonable attorney's fees, including the amount involved and the results obtained, "are essentially the same" as those to be considered by the Florida courts under Rule 2-106(b) [the predecessor to Rule 4-1.5(B)(4)]. 472 So.2d at 1150 n. 5.
We affirm the award of the lodestar figure, reverse the failure to award the enhanced figure to which the trial court found defendant would have been entitled but for Lake Tippecanoe, and remand for the entry of an order awarding the total of the lodestar figure and the enhanced figure.
THREADGILL and PARKER, JJ., concur.
NOTES
[1] "Rowe applies whether the awarded attorney's fees are based on entitlement by statute or by contract." Freedom Savings & Loan Ass'n v. Biltmore Construction Co., 510 So.2d 1141, 1142 (Fla. 2d DCA 1987).