541 So.2d 672 (1989)
Thomas A. HEAD, Robert G. Currie and Herbert Schaffer, Appellants,
v.
Paul G. LANE and Pine Creek Development Corporation, a Florida Corporation, by and through Paul G. Lane, and Lemon Bay Breezes Development Corporation, a Florida Corporation, Appellees.
No. 87-2743.
District Court of Appeal of Florida, Fourth District.
March 15, 1989.
Rehearing Denied May 11, 1989.
Jeff M. Brown and Karen A. Gagliano of Lavalle, Wochna, Raymond & Rutherford, P.A., Boca Raton, for appellants-Head and Currie.
Frank W. Weathers of Weathers & Seaman, Lantana, for appellant-Schaffer.
Bruce A. Zeidel of Gorman and Zeidel, P.A., North Palm Beach, for appellees.
PER CURIAM.
We reverse as to the amount of attorney's fees awarded. We affirm as to all other issues.
The appellee, Lane, agreed to pay his attorney $100.00 an hour for legal services rendered, regardless of the outcome of the case, but a 25% contingency fee, if the outcome was in his favor.
For the services rendered by the appellee's attorney, there was no dispute at the hearing as to $150.00 being a reasonable hourly rate and as to 278 hours being a reasonable time to accomplish such services.
The appellee was awarded $83,400.00 as attorney's fees. The trial judge computed a lodestar figure of $41,700.00 ($150 X 278) and then applied a contingency risk factor of 2 after finding the appellee had a 50/50 chance of prevailing at the outset of the case.
Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla. 1985), is the authority for enhancement of an award of attorney's fees through application of a contingency risk factor in contingency fee cases.
We find no basis for application of a contingency risk factor in the instant case because the fee arrangement the appellee had with his attorney was not a pure contingency fee agreement. It was not "nothing or something," it was "something or something." See, Country Manors Ass'n v. Master Antenna Systems, Inc., 534 So.2d 1187, 1193 (Fla. 4th DCA 1988).
We choose to follow Lake Tippecanoe Owners Ass'n v. Hanauer, 494 So.2d 226 (Fla. 2d DCA 1986), and reject the holding of First State Insurance Co. v. General Electric Credit, Auto Lease, Inc., 518 So.2d 927 *673 (Fla. 3d DCA 1987), and accordingly, we reverse and remand for computation of the attorney's fees without applying a contingency risk factor.
AFFIRMED IN PART; REVERSED IN PART, AND REMANDED WITH INSTRUCTIONS.
LETTS and GARRETT, JJ., and CARNEY, ROBERT B., Associate Judge, concur.