PER CURIAM.
This is an appeal by the defendant/insurer Northbrook Property and Casualty Co. from (1) an adverse declaratory decree finding that there was $500,000/$500,000 uninsured motorist coverage for the plaintiff/insured Muriel Bueei and her husband Nicholas Bucci, the former being a passenger of a permissive user of the insured automobile under the subject automobile liability policy, and (2) an attorney’s fee award for the plaintiffs below.
We affirm the declaratory decree under review upon a holding that the insurance policy in question is ambiguous as to whether it affords $500,000/$500,000 uninsured motorist coverage to all insureds under the policy. There is $20,000/$20,000 uninsured motorist coverage in the basic policy and two endorsements thereto which provide for $500,000/$500,000 uninsured motorist coverage ostensibly for the two individual insureds named in one of the endorsements. Assuming without deciding that different levels of uninsured motorist coverage may be lawfully provided for in an automobile liability policy so long as the statutory minimum coverage is provided for all insureds under the policy, we conclude that such different levels of uninsured motorist coverage must be provided for with unmistakable clarity, given the obvious novelty of such provisions. In the instant case, however, the basic policy fails to state that the $20,000/$20,000 uninsured motorist coverage is the only coverage applicable to insureds other than the two individuals named in the endorsement; moreover, the two endorsements to the policy, although stating that the $500,-000/$500,000 limits are applicable to the insureds named therein, fail to state expressly that no other insureds under the policy are covered by these limits. It is therefore entirely ambiguous as to whether the plaintiff/insured, as a passenger of a permissive user of the insured automobile, has uninsured motorist coverage limits of $20,000/$20,000 or $500,000/$500,000 — a point which the plaintiff/insured, as a beneficiary under the subject policy, clearly has standing to raise. This being so, it is plain that the trial court was eminently correct in interpreting this ambiguous policy in favor of the plaintiff/insured and her husband as affording $500,000/$500,000 uninsured motorist coverage. United States Fidelity & Guar. Co. v. Helms, 413 So.2d 767, 768 (Fla. 3d DCA), rev. denied, 421 So.2d 518 (Fla.1982); Ellenwood v. Southern United Life Ins. Co., 373 So.2d 392, 395 (Fla. 1st DCA 1979); Drisdom v. Guarantee Trust Life Ins. Co., 371 So.2d 690, 692 (Fla. 3d DCA 1979); Sandron Corp. v. Utica Mut. Ins. Co., 360 So.2d 477, 479 (Fla. 3d DCA 1978).
We also affirm the attorney’s fee award under review. Contrary to the argument of the defendant/insurer, we conclude that the trial court did not abuse its discretion in applying a contingency risk multiplier in computing the attorney's fee under Florida Patient’s Compensation Fund v. Rowe, 472 So.2d 1145, 1151 (Fla.1985). There was clearly a partial, but substantial contingency involved in this case; the plaintiff/insured stood to obtain $500,000/$500,000 in uninsured motorist coverage, as opposed to a mere $20,-000/$20,000 coverage. Moreover, the fee arrangement with her attorney was a partial contingency fee contract. Under these circumstances, the trial court was perfectly free to apply a contingency fee multiplier in this case. We agree, of course, that the partial, but substantial contingency involved in this case did not entail a risk of coming up totally empty-handed, as the defendant/insured conceded below there was $20,000/$20,000 uninsured motorist coverage. This fact, however, cannot change our result because a contingency risk multiplier under Rowe is entirely appropriate where, as here, a partial, but substantial contingency is involved in the case. First State Ins. Co. v. General Elec. Credit Auto Lease, Inc., 518 So.2d 927 (Fla. 3d DCA 1987); contra Head v. Lane, 541 *1287 So.2d 672 (Fla. 4th DCA), jurisdiction accepted, 547 So.2d 1210 (Fla.1989).
Affirmed.
HUBBART and FERGUSON, JJ., concur.