360 So.2d 477 (1978)
SANDRON CORPORATION, Appellant,
v.
UTICA MUTUAL INSURANCE COMPANY, Appellee.
No. 77-2060.
District Court of Appeal of Florida, Third District.
July 11, 1978.
*478 Ligman, Martin, Shiley & McGee and Michael G. Martin, Coral Gables, for appellant.
Ponzoli & Wassenberg and Ronald P. Ponzoli, Miami, for appellee.
Before PEARSON, HUBBART and KEHOE, JJ.
PER CURIAM.
This is an appeal by Sandron Corporation, defendant and third party plaintiff in the trial court, from a summary final judgment for the appellee, Utica Mutual Insurance Company, third party defendant in the trial court. In this appeal, Sandron Corporation does not question the propriety of the summary judgment itself, which was entered for Utica Mutual Insurance Company, in Sandron's favor, but limited to $4,725. However, Sandron does claim that the court erred in the amount stated in the judgment, which it argues should have been for a larger amount.[1]
This litigation arose when plaintiff Blanchard Machinery, Inc., sued Sandron alleging that Blanchard had rented an air compressor to Sandron to be used at a construction site, that the air compressor was stolen and, as a result of the failure to return the machine, that Blanchard was entitled to $18,408. Sandron had a policy of insurance in effect, which had been issued by appellee Utica Mutual Insurance Company. Sandron filed a third party complaint against Utica claiming that the loss of the air compressor was covered under the policy of insurance. Utica answered the third party complaint admitting the existence of insurance but denying that the loss was covered by the policy. Thereafter, Utica filed an offer of judgment in the amount of $4,775.10. Utica's motion for summary judgment recited that it was liable to Sandron for a sum certain under the terms of the policy. The dispute between the parties arose from the interpretation of the following provision of the policy:
"6. This policy is extended to cover additional items of a nature similar to those covered herein, the property of the Insured, or the property of others in the care, custody, and control of the Insured, which items have been acquired subsequent to the attachment date and during the term of this policy. In consideration of this extension the Insured agrees to report such additions within thirty (30) days from the date acquired and to pay premium thereon from the date acquired at pro rata of the policy rate. It is specifically understood and agreed, however, that this policy shall cease to cover such additional items if they are not reported to the Company within the said thirty (30) day period. This Company shall not be liable under the provisions of this clause for more than the actual cash value of such property, and in no event for more than a sum equal to 25% of the amount insured, or $25,000, whichever is less."
*479 It is Sandron's contention that the parties contemplated that the policy of insurance would cover subsequently-acquired property such as the stolen air compressor and that when the contractor acquired new property, it then would become insured property under the policy. It is thus claimed that the company would be liable for a sum equal to 25% of the "amount insured," with the value of newly-acquired property included as part of that amount.
The difficulty arises from the fact that the air compressor was not reported within the thirty day period but that the loss occurred on the twenty-eighth day of that period so that the above-quoted section of the policy came into effect as a limitation of recovery.
The imposition of the appellee is that the language of the provision is clear and that newly-acquired, unscheduled property is not to be included in the term "amount insured." Neither party has been able to furnish us with any case law where a similar provision of a policy has been interpreted. The appellee does, however, draw an analogy between the policy involved here and "reporting form" fire policies where fluctuating stock requires periodic reports to the insurance company in order to obtain maximum coverage for a related premium. We hold that this latter situation does not create an applicable analogy to our present situation.
It is clear that the interpretation of the policy was a matter of law for the trial court. Nevertheless, it is established under Florida law that an ambiguous term in an insurance policy must be construed most favorably to the insured. See Feldman v. Central National Insurance Company of Omaha, 279 So.2d 897 (Fla. 3d DCA 1973). See also the general rules governing the construction of insurance contracts in Reliance Mutual Life Insurance Company of Illinois v. Booher, 166 So.2d 222, 224 (Fla. 2d DCA 1964). We hold that the term "amount insured" as used in this policy is ambiguous and that it must be so construed.
We, therefore, reverse the summary judgment and remand the cause to the trial court with directions to enter a summary judgment for the third party plaintiff Sandron in an amount equal to 25% of the listed property, together with the value of the unlisted compressor, less the amount deductible provided in the policy.
Reversed and remanded for further proceedings in accordance with the views herein set forth.
NOTES
[1] The third party action between Sandron and Utica is the only portion of the cause on appeal; the main action between Blanchard and Sandron is not before this court.