MED IMAGING CENTER, INC., a Florida corporation, Plaintiff,

v.

ALLSTATE INSURANCE COMPANY, an Illinois corporation, Defendant.

No. 92–1375–CIV–T–17.

United States District Court, M.D. Florida, Tampa Division.

April 13, 1993.

Jon Allen McAuliffe, Bonner, Hogan & Pearse, P.A., Clearwater, FL, for plaintiff.

Richard H. Wilson, Wilson & Terrana, P.A., Tampa, FL, for defendant.

**ORDER GRANTING JOINT MOTION FOR PARTIAL SUMMARY JUDGMENT**

KOVACHEVICH, District Judge.

This cause is before the Court on the Joint Motion for Partial Summary Judgment on

**334**

the Issue of Coverage filed by both Plaintiff, Med Imaging Center, Inc. ("Med Imaging") and Defendant, Allstate Insurance Company ("Allstate") on or about February 5, 1993.

In *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), the United States Supreme Court prescribed the entry of summary judgment in certain situations. The *Celotex* decision held:

> In our view the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Id.* at 322, 106 S.Ct. at 2552, 91 L.Ed.2d at 273.

This circuit clearly holds that summary judgment should only be entered when the moving party has sustained its burden of showing the absence of a genuine issue as to any material fact when all the evidence is viewed in the light most favorable to the nonmoving party. *Sweat v. The Miller Brewing Co.,* 708 F.2d 655 (11th Cir.1983). All doubt as to the existence of a genuine issue of material fact must be resolved against the nonmoving party. *Hayden v. First National Bank of Mt. Pleasant,* 595 F.2d 994, 996–97 (5th Cir.1979), quoting *Gross v. Southern Railroad Co.,* 414 F.2d 292 (5th Cir.1969). Factual disputes preclude summary judgment.

For the purposes of the Joint Motion now before this Court, however, Plaintiff and Defendant have stipulated to the absence of any dispute with regard to certain material facts. In that both parties have agreed the issue of coverage is appropriate for partial summary judgment, there is no genuine issue of material fact in dispute with regard to the question of coverage. As such, Plaintiff and Defendant are entitled to a determination, as a matter of law, of whether Plaintiff's total claim, including loss of income, is limited to the $20,000.00 coverage limit provided by the Employee Dishonesty provision.

FINDINGS OF FACT

For the purposes of this Joint Motion only, Plaintiff and Defendant have stipulated to the following facts:

1. Defendant Allstate issued a commercial policy, effective September 9, 1990 to September 9, 1991 to Plaintiff Med Imaging.

2. Plaintiff sustained business interruption losses at the time the policy was in full force and effect.

3. Plaintiff's loss was the result of employee dishonesty.

4. The basic policy coverage ("Coverage A") specifically excludes, on page 11 of the policy, loss due to employee dishonesty. However, Plaintiff purchased optional coverages, beginning on page 12 of the policy, for both "Loss of Income–Rents" and "Employee Dishonesty."

5. The Declarations page of the policy contains separate entries for Employee Dishonesty and Loss of Income–Rents. While the Employee Dishonesty coverage shows a limit of $20,000.00, there is no indicated limit on the Declarations page for Loss of Income–Rents.

6. The policy at issue contains the following pertinent provisions:

"LOSSES COVERED UNDER COVERAGE A:

> 1. This policy insures your covered property for loss or damage resulting from direct physical loss, except for those losses we do not cover listed below:

LOSSES WE DO NOT COVER:

> 2. We do not cover losses due to the pilfering, taking or concealment of any property or any fraudulent or criminal act, your partners, joint venturers, directors, trustees, agents, employees or anyone to whom you have entrusted the property was knowingly involved in the loss."

"OPTIONAL COVERAGES:

> The following optional coverages are subject to the agreements and conditions applicable to Coverage A—Business Property, except as otherwise provided.

PART III—LOSS OF INCOME–RENTS

> When coverage is shown in the Declarations for loss of income, we will pay up

to twelve consecutive months from the time of loss for:

1. Your loss of income resulting from a covered loss but not to exceed the actual reduction in net income-from the operation of the business, plus charges and expenses which necessarily continue during the interruption of a business.

PART VI—EMPLOYEE DISHONES-TY

When coverage is shown in the Declarations for employee dishonesty, we will pay you for the loss of money, securities, and other personal property for an amount not exceeding the limit of liability shown in the Declarations."

DISCUSSION

In its memorandum in support of Allstate's Motion for Partial Summary Judgment, Defendant argues that a loss to the Plaintiff as the result of employee dishonesty is not a "covered loss" under the policy, because such a loss is specifically excluded on page 11 of the policy. Defendant asserts that the employee dishonesty coverage purchased by Plaintiff merely modifies the original exclusion, and limits the modification of coverage to $20,000.00. Defendant further argues that since Loss of Income–Rents under the policy "arise only as a result of the purchase of the employee dishonesty coverage endorsement, which limits all losses to $20,000.00," Plaintiff is limited to a total recovery of $20,000.00.

The crux of Defendant's argument is that the "subject to" clause in the optional coverages renders the "Loss of Income–Rents" provision subject to the exclusion for employee dishonesty under the terms and conditions of Coverage A. Defendant reasons that since "employee dishonesty" is not a "covered loss" under Coverage A, then employee dishonesty cannot form the basis for a claim under the Loss of Income–Rents provision of the policy, Defendant states, at page 8 of its memorandum: "Had the Plaintiff ... purchased only the optional coverage of Loss of Income Rents, there would be no coverage available at all for loss of income resulting from employee dishonesty, since it subject to the exclusion provided in Coverage A of the policy."

The flaw in Defendant's argument is that Plaintiff did, in fact, specifically purchase additional coverage for *both* Employee Dishonesty and Loss of Income–Rents. Despite Defendant's assertion to the contrary, when Plaintiff purchased optional coverage for employee dishonesty, any loss occurring as a result of employee dishonesty while the policy was in full force and effect *became* a "covered loss." In its memorandum, Defendant acknowledges its liability to Plaintiff in the amount of $20,000.00 for Employee Dishonesty coverage bought back by Plaintiff. It is illogical for Defendant to argue that employee dishonesty is a "covered loss" for the purposes of one optional coverage provision, yet is not a "covered loss" for the purposes of another optional coverage provision.

Nonetheless, Defendant asserts that any and all of Plaintiff's claims arising as a result of employee dishonesty, including a claim for loss of income-rents, are limited to the $20,-000 limitation on the Declarations page. In support of this argument, Defendant relies on an out-of-state case involving a similar factual situation, *Gilbert/Robinson, Inc. v. Sequoia Insurance Co.*, 655 S.W.2d 581 (Mo. App.1983). In that case, the court held that a "subject to" clause, as to the terms and conditions of a policy, limited the plaintiff's claim for business interruption losses arising as a result of flood. Defendant argues that the same logic should be applied in this case, and that the "subject to" clause in the policy now at issue cannot be ignored because it is an integral part of the policy.

After due consideration, this Court does not find the *Gilbert/Robinson* case persuasive on the issue argued by the Defendant. Although the policy in this case may contain the language "subject to the agreements and conditions applicable to Coverage A," it continues on to state "except as otherwise provided." In that the interpretation of an insurance policy should be made based on the policy as a whole, § *627.419(1), Florida Statutes*, this "except" clause is as much an integral part of the policy as is the "subject to" clause. The fact that Plaintiff specifically bought back coverage for employee dishonesty under the optional coverage provision of

the policy, creates an exception to the exclusion for employee dishonesty in Coverage A.

The purchasing of this optional coverage made employee dishonesty a "covered loss," subject to a $20,000.00 limitation for claims under that provision. Optional coverage for Loss of Income–Rents was also purchased by Plaintiff, however, no specific limitation was placed on recovery for claims under that provision, except that the loss was not to exceed the "actual reduction in net income from the operation of the business, plus charges and expenses ... during the interruption of business." Although Defendant argues that the $20,000.00 limitation under Employee Dishonesty should limit Plaintiff's claim for Loss of Income–Rents as well, this Court does not agree.

As stated in *National Union Fire Ins. Co. of Pennsylvania v. Carib Aviation, Inc.*, 759 F.2d 873, 875–76 (11th Cir.1985), if the language in an insurance policy is not ambiguous, then the court's task is simply to apply the plain meaning of the words and phrases used to the facts before it. As cited by Defendant in its memorandum, "a court is not free to rewrite an insurance policy or add meaning to it that really is not there." *Id.* at 876. By asking this Court to impose a $20,-000.00 limitation on all of Plaintiff's losses under the policy, including loss of income, Defendant has, in essence, asked this Court to rewrite the policy and add meaning to it that is really not there.

It is clear from the Declarations page that no specific monetary limitation was placed on a claim for Loss of Income–Rents, although Defendant could have easily provided one if that was its intention. Although this Court finds there is no ambiguity as to the policy providing both that employee dishonesty is a covered loss and that there is no specified limitation on recovery for Loss of Income–Rents, the rule in Florida is that any ambiguities in exclusionary provisions must be construed in favor of coverage. *Id.* at 875. This is so due to the fact that the insurer usually drafts the policy. Therefore, even if the policy in this case now before the Court were ambiguous, it would be construed most favorably to the insured. *Sandron Corp. v. Utica*

*Mutual Ins. Corp.*, 360 So.2d 477, 479 (Fla. 3d DCA 1978). Accordingly, it is

**ORDERED** that the joint motion for partial summary judgment on the issue of coverage be **granted** in favor of the Plaintiff and the coverage limitation of $20,000.00 shall not apply to all losses under the policy.

**DONE AND ORDERED.**